487 So.2d 345 (1986)
Shirley A. HAMILL, Petitioner,
v.
N. Russell BOWER, Judge of the Circuit Court of the Fourteenth Judicial Circuit of Florida, Respondent.
BJ-365.
District Court of Appeal of Florida, First District.
April 3, 1986.
*346 William F. Wager, Jr., Panama City, for petitioner.
James H. White, Jr., Panama City, for respondent.

ON PETITION FOR REHEARING
PER CURIAM.
By her motion for rehearing, petitioner has brought to our attention for the first time, the decision in Kumar v. Superior Court of California, 186 Cal. Rptr. 772, 32 Cal.3d 689, 652 P.2d 1003 (Cal. 1982), in which the decision relied on in our original opinion was implicitly overruled. On further consideration of this cause, we grant the motion for rehearing and withdraw our earlier decision, substituting for it the following:
By this petition for writ of prohibition, petitioner seeks to prohibit respondent, judge of the circuit court of the Fourteenth Judicial Circuit, from exercising jurisdiction over this case involving a child custody dispute. In 1978, petitioner and her husband were divorced in California. Their three children lived with petitioner in California until June, 1983, when, pursuant to a stipulation executed by the parties (but never filed in the California court), the children began living with their father in Florida. They lived with him from that time until April, 1985, when the wife took them back to California without the father's permission. On April 4, 1985, prior to the removal of the children by the mother, the father had filed a complaint to establish the foreign decree as a Florida judgment and to have the stipulation ratified, affirmed and modified. After her return to California, petitioner filed for relief in the California court seeking an order vacating the stipulation and further modification of the original California decree. The California court stayed the proceeding in order to allow the Florida court an opportunity to either accept or decline jurisdiction. Thereafter, petitioner moved to dismiss the father's complaint for lack of jurisdiction. The motion to dismiss was denied and this petition was filed.
Under Article V, section 5(b), of the Florida Constitution, circuit courts of this state are vested with the subject matter jurisdiction to hear child custody matters when the requirements of section 61.1308 (of the Uniform Child Custody Jurisdiction Act) are present. Pursuant to section 61.1308(1), a circuit court has jurisdiction if this state is the home state of the child. The circuit court also has jurisdiction when exercise of *347 that jurisdiction is in the child's best interest and the child as well as at least one contestant has a significant connection with this state. Section 61.1308(1)(b)1. In Reeve v. Reeve, 391 So.2d 789 (Fla. 1st DCA 1980), we held that the significant connection test was met where the original dissolution and custody decree was entered in Florida, and the noncustodial parent remained in Florida maintaining a continuous relationship with the child whose "home state" had since become New Jersey. Reeve did not address the question of the concurrent jurisdiction in the home state and therefore we originally held here that that opinion did not preclude Florida from exercising jurisdiction as the home state even though the California court had jurisdiction under the significant connection provision. In so holding, we relied in part on the California District Court case of In re the Marriage of Leonard, 175 Cal. Rptr. 903, 122 Cal. App.3d 443 (Cal.Ct. of App. 1st Dist. 1981). In Leonard, the California court exercised jurisdiction where California had become the home state of the child though a prior custody decree had been entered in Georgia. However, Leonard was disapproved in Kumar, supra.
In Kumar, the husband and wife were divorced in New York and the trial court awarded custody of the child to the wife. Thereafter, the wife and child moved to California. A year later, the wife sought to modify the previous New York order in a California court. The California Supreme Court found that the trial court lacked jurisdiction under the UCCJA to modify the New York custody decree so long as New York retained significant connections with the child and that, unless New York declined to exercise jurisdiction, California had no authority to modify the decree. In short, California held that it had no authority to modify the prior New York custody decree unless (1) New York declined to exercise jurisdiction or (2) New York failed to retain "significant connections" with the child.
The Kumar court extensively analyzed the child custody area of law, recognizing that the facts before it fit within the rule involving modification of an out-of-state custody decree, rather than initial custody. According to Kumar, initial jurisdiction is determined by guidelines which look to the state with the closest connections to the child and to information about present and future well-being. However, modification jurisdiction is best viewed as an extension of the recognition and enforcement provisions of the Uniform Act. In Kumar, as in the case before us, modification of an out-of-state custody decree was controlled by the Uniform Act, section 5163 (Fla. Stat. 61.133), which states:
(1) If a court of another state has made a custody decree a court of this state shall not modify that decree unless:
(a) it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this act or had declined to assume jurisdiction to modify the decree; and
(b) the court of this state has jurisdiction. (emphasis supplied.)
Thus, under modification proceedings, under section 5163 (Fla. Stat. 61.133), the original decree state retains continuing jurisdiction to modify its decree exclusively unless the two aforementioned statutory conditions are met. To summarize, all modification petitions must be addressed to the state which rendered the decree if that state had and still retains jurisdiction. This is so even though the second state becomes the "home state" for purposes of UCCJA.[1]
Here, although California stayed its proceedings it did not decline to exercise jurisdiction. California clearly has jurisdiction under Kumar, supra, since California issued the original decree, the wife maintained her residence in California, and even *348 prior to the wife's removal of the children to California in April, 1985, the wife maintained contact with the children. Accord Reeve, supra. Therefore, under the above provisions, we find that the Florida court should have declined jurisdiction. Accordingly, the trial court erred in denying petitioner's motion to dismiss.
The only remaining issue pertains to the propriety of invoking the extraordinary remedy of prohibition. It is fundamental that this remedy only lies when a lower court is without jurisdiction or is attempting to act in excess of its jurisdiction. English v. McCrary, 348 So.2d 293 (Fla. 1977). Although section 61.1308 confers subject matter jurisdiction on circuit courts in these circumstances, we hold that under the provisions of section 61.133, the trial court would be acting in excess of its jurisdiction if it were permitted to proceed. In the event California subsequently declines to assume jurisdiction, for example, because California is no longer a convenient forum, then the Florida court could become the appropriate forum in the future. However, we withold formal issuance of the writ and instead remand this cause to the trial court with directions that petitioner's motion to dismiss be revisited in light of our holding herein.
ERVIN, SMITH and NIMMONS, JJ., concur.
NOTES
[1] Our conclusion is more consistent with previous decisions of this state as well as California, than is our original holding. See Reeve, supra; Pudlas v. Celaya, 469 So.2d 238 (Fla. 4th DCA 1985); Nussbaumer v. Nussbaumer, 442 So.2d 1094 (Fla. 5th DCA 1983); Wheeler v. Wheeler, 383 So.2d 655 (Fla. 2nd DCA 1980); Trujillo v. Trujillo, 378 So.2d 812 (Fla. 3rd DCA 1979).