HERSEY, Chief Judge.
Neal Hart Pedowitz appeals the lower court’s order granting his former wife’s petition to establish a foreign Dissolution of Marriage decree and her petition for modification of child visitation schedule.
A final judgment of dissolution of marriage was rendered in March of 1982 by the superior court of Fresno County, California. Thereafter, the parties attempted to reconcile and moved to Ft. Lauderdale, Florida, where they lived for about a year. The reconciliation' was unsuccessful, however, and appellant returned to California in June of 1983. Appellee and the parties’ minor child remained in Ft. Lauderdale.
On December 21, 1984, appellant filed a petition for modification in the California trial court which had rendered the dissolution decree. The California court determined that it had continuing jurisdiction for matters pertaining to custody or visitation of the minor child and granted the modification. The California modification order was rendered on February 26, 1985. Ap-pellee took an appeal from that order.
Meanwhile, on January 21, 1985, ap-pellee had filed a petition in Florida to establish the California dissolution decree as a Florida judgment, as well as a petition for modification asking that the visitation schedule be changed. A hearing was held and the court thereafter rendered a final judgment on April 9, 1985, ratifying the California dissolution decree and modifying the visitation schedule as requested. Appellant then appealed to this court.
During this same time period, the California Fifth District Court of Appeal considered appellee’s appeal of the California trial court’s modification decree and concluded that additional evidence regarding the issue of appellant’s continuing residency in California during and after his eleven-month absence while in Florida was required in order to appropriately determine jurisdiction. The California district court therefore remanded the case to the California superior court to take additional evidence relevant to appellant’s status as a resident of California between the time he left California to go to Florida and the time that he filed the petition for modification.
We agree with the California district court that the California superior court had jurisdiction to hear appellant’s petition for modification if, after the dissolution of the parties’ marriage, California *474 remained appellant’s residence. See Hamill v. Bower, 487 So.2d 345 (Fla. 1st DCA 1986). We decline to determine the question of appellant’s residency as requested by appellee, as that issue should be litigated in the California superior court.
We also note that the Florida trial court, although notified by appellant on March 5, 1985, that the case was pending in the California superior court at the time appel-lee filed her petition in Florida, failed to stay the proceeding and communicate with the California court as required by section 61.1314(3), Florida Statutes (1985). A subsequent attempt by the trial court to remedy this deficiency was frustrated by this court because the matter was here on appeal.
In light of the events in the California case, we reverse the final judgment and remand this cause to the trial court with instructions to vacate its order, stay the proceeding, and communicate with the California trial court regarding the appropriate forum for determination of the issues which require resolution.
REVERSED and REMANDED WITH INSTRUCTIONS.
DOWNEY and LETTS, JJ., concur.