528 So.2d 1319 (1988)
H.V. GORDEY, et ux., Appellants/Cross-Appellees,
v.
Sara GRAVES, Appellee/Cross-Appellant.
No. 87-1337.
District Court of Appeal of Florida, Fifth District.
August 4, 1988.
*1320 Robert Bruce Snow, Brooksville, for appellants/cross-appellees.
No Appearance for appellee/cross-appellant.
ORFINGER, Judge.
Appellants, the paternal grandparents of Andrew Gordey, a minor, appeal the order of the lower court declining to assume jurisdiction under the Uniform Child Custody Jurisdiction Act to modify a Nevada custody order. They argue the lower court should have assumed jurisdiction to consider their petition for custody of Andrew. We agree and reverse.
Andrew was born in Nevada on September 5, 1983. His parents were divorced by decree of the Nevada District Court and the mother, appellee, was awarded custody of the then 6 month old child. On May 9, 1984 appellee appointed appellants as temporary guardians of Andrew and appellants brought Andrew to Florida to live with them. Andrew was almost 4 years old at the time of the last hearing in May, 1987, and so far as this record shows, has had no contact with appellee since moving to Florida when he was 8 months old.
On March 8, 1985 appellants filed their petition to be appointed Andrew's guardians alleging that Andrew's natural parents were unable to provide for him[1] and seeking temporary and permanent custody. Appellants subsequently filed a second amended petition, seeking in each of the several counts, permanent custody of Andrew. They referred to two orders of the Nevada court, entered ex parte subsequent to the divorce decree, which they contended were invalid because entered without notice to them or the child's father.[2] The petition further alleged that Florida had jurisdiction since Florida was Andrew's home state and he had developed substantial relationships with appellants and his father and that *1321 appellee had neglected Andrew and was unfit as a parent. Appellants sought to domesticate the Nevada final judgment of dissolution and to modify the custody provisions of that decree and asked for permanent custody of Andrew. The father filed a petition to intervene, requesting also that the Nevada decree be domesticated and that he be given custody of Andrew.
The trial court found that the Nevada court had jurisdiction under the UCCJA because Nevada had not declined jurisdiction to modify the original custody order, the appellee has a significant connection with Nevada and there is available in Nevada substantial evidence concerning Andrew's present or future care. The order provided that the court would reconsider its position if the Nevada court declined to assume jurisdiction or believed it did not have jurisdiction. The trial court did find it had jurisdiction to enter a temporary custody order to safeguard the best interests of the child pending resolution of the custody issues in Nevada, and awarded appellants and the natural father (who intervened in the suit) temporary custody.
Section 61.1308(1), Florida Statutes (1985) provides:
(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state:
1. Is the home state of the child at the time of commencement of the proceeding, or
2. Had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state.
(b) It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
* * * * * *
(d)1. It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), paragraph (b), or paragraph (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and
2. It is in the best interest of the child that a court of this state assume jurisdiction.
Home state is defined in section 61.1306(5) as
the state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as a parent for at least 6 consecutive months or, in the case of a child less than 6 months old, the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the 6-month or other period.
The record indicates a sufficient basis for the assumption of jurisdiction by the Florida court under either sections 61.1308(1)(a)1. or (1)(b). The child had resided in Florida for approximately 10 months at the commencement of the instant proceeding and thus Florida is the child's home state. Furthermore, the child and appellants have a significant connection with Florida as they are Florida residents and the child has resided in Florida the greater part of his life. There is substantial evidence regarding the present and future care of Andrew in Florida. However, the fact that Florida is the home state and that Andrew and appellants have a significant connection with Florida does not end the inquiry into whether Florida should exercise its jurisdiction and enter a custody order superseding the Nevada decree.
*1322 Jurisdiction to enter an order superseding an out-of-state custody decree is governed by section 61.133(1), Florida Statutes (1977):
(1) If a court of another state has made a custody decree, a court of this state shall not modify that decree unless:
(a) It appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this act or has declined to assume jurisdiction to modify the decree; and
(b) The court of this state has jurisdiction.
Under this section,
the original decree state retains continuing jurisdiction to modify its decree exclusively unless the two aforementioned statutory conditions are met. To summarize, all modification petitions must be addressed to the state which rendered the decree if that state had and still retains jurisdiction. This is so even though the second state becomes the "home state" for purposes of UCCJA. [Footnote omitted].
Hamill v. Bower, 487 So.2d 345, 347 (Fla. 1st DCA 1986).
Nevada has not declined to assume jurisdiction. It entered two custody orders after Andrew had moved to Florida, albeit without notice to the parties, regarding the custody of Andrew.[3] Thus, Florida can exercise its jurisdiction only under the first prong of section 61.133(1)(a), i.e., only if "it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this act."
"Jurisdictional prerequisites" refers to the jurisdictional factors of section 61.1308. Uniform Child Custody Jurisdiction Act (U.L.A.) § 14 Commissioners' Note. Applying the jurisdictional prerequisites of section 61.1308 to the Nevada court, it is clear that Nevada lacks jurisdiction over Andrew. Nevada is not Andrew's home state, nor did Andrew live there six months prior to the commencement of these proceedings; Andrew's only "significant connection" with Nevada is that his natural mother lives there, however, he has not seen her since he was eight months old nor has Andrew been in Nevada since he left. There does not appear to be any substantial evidence in Nevada regarding Andrew's present care, protection, training or personal relationships.
Also supporting the determination that Florida has jurisdiction and should act on it is the example given in the Commissioners' Note to section 14 of the UCCJA:
For example, if custody was awarded to the father in state 1 where he continued to live with the children for two years and thereafter his wife kept the children in state 2 for 6 1/2 months (3 1/2 months beyond her visitation privileges) with or without permission of the husband, state 1 has preferred jurisdiction to modify the decree despite the fact that state 2 has in the meantime become the "home state" of the child... . Also, if the father in the same case continued to live in state 1, but let his wife keep the children for several years without asserting his custody rights and without visits of the children in state 1, modification jurisdiction of state 1 would cease. [Emphasis added].
Here, if as alleged, appellee has had no contact with Andrew since he left the state over four years ago, it would appear that modification jurisdiction of Nevada has ceased. The trial court should have assumed jurisdiction.
REVERSED and REMANDED.
COBB and COWART, JJ., concur.
NOTES
[1] The father, a Florida resident, was undergoing cancer treatments.
[2] The first such order was entered November 5, 1984 and awarded temporary custody of Andrew to appellants. The second order was entered February 20, 1985 and ordered Andrew returned to appellee. Appellants contend the orders were invalid because there is no indication that the Nevada court complied with its equivalent of section 61.131, Florida Statutes (1985) which provides:

Notice and opportunity to be heard.  Before a decree is made under this act, reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated, and any person who has physical custody of the child. If any of these persons is outside this state, notice and opportunity to be heard shall be given pursuant to s. 61.1312.
Nevada has adopted the U.C.C.J.A.N.R.S. 125A.010 To 125A.250. Because we do not determine the merits of the petition, we do not determine the validity of these orders.
[3] Interestingly, the order of February 20, 1985 which purports to order that custody of Andrew be returned to appellee, recites: "It is hereby ordered that the jurisdiction heretofore exercised by the above-entitled Court be terminated ..." Nothing further appears in the record to reveal retention of jurisdiction by that court.