549 So.2d 1211 (1989)
Eva STECKEL, f/k/a Eva Blafas, Appellant,
v.
George BLAFAS, Appellee.
No. 89-1433.
District Court of Appeal of Florida, Fourth District.
October 18, 1989.
*1212 Alan R. Burton, Fort Lauderdale, for appellant.
Jay D. Schwartz and Craig V. Rasile of Shea & Gould, Miami, for appellee.
HERSEY, Chief Judge.
In this case concerning custody of a minor child, the issue is whether Florida courts have jurisdiction of an action seeking to modify a New York custody decree under the circumstances presented by this case. The parties, mother and father, with their child, previously lived in New York. After dissolution of the marriage the father moved to New Jersey and the mother and child moved to Florida. Subsequently the parties entered into a stipulation of settlement which resolved disputes which had arisen concerning the father's visitation rights. The stipulation further provided that in the event of a later attempt to enforce or modify the terms of the settlement, both parties would consent to the jurisdiction of the New York courts. Each party designated a New York resident as agent for service of process.
After an allegedly unpleasant visitation episode the appellant, mother, brought an action in the Broward County Circuit Court to modify the New York stipulation. Jurisdiction was asserted under sections 61.1302-61.1348, Florida Statutes (1987), the Uniform Child Custody Jurisdiction Act (UCCJA). The father, appellee here, moved to dismiss or abate the proceedings; his motion was granted, giving rise to this appeal. The basis for the dismissal was that the parties had agreed to the continuing jurisdiction of the New York court, that New York had not declined to exercise that jurisdiction and, therefore, the matter should be resolved in New York rather than in Florida pursuant to section 61.1304(6), Florida Statutes (1987). We respectfully disagree and reverse.
*1213 While jurisdiction over the person may be conferred on a court by contract or consent (see, e.g., Manrique v. Fabbri, 493 So.2d 437 (Fla. 1986)) subject matter jurisdiction has its origin only in statutes or constitutions. It may neither be created nor waived by the litigants. See Weinstein, Introduction to Civil Litigation 23 (1986); Fla.R.Civ.P. 1.140(b). The subject matter of litigation involving custody of minor children is the children themselves and a court must have subject matter as well as personal jurisdiction. 25 Fla.Jur.2d Family Law § 80 (1981). Thus we are not compelled to accept the parties' stipulated choice of forum as controlling on the question of whether the lower court had jurisdiction.
We next must determine where jurisdiction lies. At the time appellant commenced the modification proceeding, the child had resided with her in Florida for at least six consecutive months. Accordingly, the Florida court had subject matter jurisdiction to hear the petition for modification. See § 61.1308(1)(a)1., Fla. Stat. (1987). The Florida court could also be deemed to have jurisdiction pursuant to section 61.1308(1)(b), because there exists a significant connection with Florida and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.
However, section 61.133, Florida Statutes (1987), provides that even if a court of this state has jurisdiction under the UCCJA, it shall not modify a custody decree rendered in another state unless the court which rendered the decree "does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this act or has declined to assume jurisdiction to modify the decree... ." See also Hamill v. Bower, 487 So.2d 345 (Fla. 1st DCA 1986). The New York court has not declined to exercise jurisdiction in this matter. Whether it continues to have jurisdiction is, therefore, our next inquiry.
Section 1738A(d), 28 United States Code Annotated (1980) (part of the Parental Kidnapping Prevention Act of 1980) (PKPA), provides that "[t]he jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant." (emphasis added). (Subsection (c)(1) provides that a child custody determination made by a state court is consistent with the federal act if such court has jurisdiction under the laws of that state.)
We have found no Florida authority specifically holding that the PKPA preempts Florida law. However, in Olivia H v. John H, 130 Misc.2d 756, 497 N.Y.S.2d 838 (N.Y. Fam. Ct. 1986), the New York court held that the PKPA preempts New York law, that the PKPA must be honored in every interstate custody proceeding, and that a finding of jurisdiction under the UCCJA may be abrogated by conflicting provisions of the PKPA. Accordingly, in the present case we conclude that under the PKPA New York does not continue to have jurisdiction because New York does not remain the residence of the child or of any contestant.
Our conclusion is supported by Pedowitz v. Pedowitz, 492 So.2d 472 (Fla. 4th DCA 1986), where this court held that a California state court would have jurisdiction to hear the former husband's petition for modification of visitation and custody provisions of a California dissolution decree, despite the former wife and child's residency in Florida, if, subsequent to dissolution of the parties' marriage, California "remained" the husband's residence.
Professor Bodenheimer, the reporter for the committee which prepared the UCCJA, has stated:
Exclusive continuing jurisdiction is not affected by the child's residence in another state for six months or more. Although the new state becomes the child's home state, significant connection jurisdiction continues in the state of the prior decree where the court record and other evidence exists and where one parent or another contestant continues to reside. *1214 Only when the child and all parties have moved away is deference to another state's continuing jurisdiction no longer required.

Bodenheimer, Interstate Custody: Initial Jurisdiction and Continuing Jurisdiction Under the UCCJA, 14 Fam.L.Q. 203, 214-215 (1981).
In O'Connor v. O'Connor, 447 So.2d 1034 (Fla. 4th DCA 1984), this court quoted an example given by Professor Bodenheimer in another of her articles, which is directly on point with the facts in the instant case:
A typical example is the case of the couple who are divorced in state A, their matrimonial home state, and whose children are awarded to the wife, subject to visitation rights of the husband. Wife and children move to state B, with or without permission of the court to remove the children. State A has continuing jurisdiction and the courts in state B may not hear the wife's petition to make her the sole custodian, eliminate visitation rights, or make any other modification of the decree, even though state B has in the meantime become the "home state" under section 3. The jurisdiction of state A continues and is exclusive as long as the husband lives in state A unless he loses contact with the children, for example, by not using his visitation privileges for three years. (Bodenheimer, Uniform Child Custody Jurisdiction Act (1969) 22 Vanderbilt L.Rev. 1207, 1237.)
Id. at 1037 (emphasis added).
The cases cited by appellee for the proposition that petitions to modify custody decrees should be addressed to the state which rendered the original decree, are distinguishable. In each of those cases one of the contestants continued to reside in the state which rendered the original decree.
Based on the foregoing we conclude that New York lacked jurisdiction to modify its original custody decree after the child and the contestants moved from New York, and that Florida does have jurisdiction under the UCCJA. Accordingly, the trial court erred in dismissing appellant's petition for modification.
We reverse and remand for further appropriate proceedings.
REVERSED AND REMANDED.
GUNTHER and GARRETT, JJ., concur.