581 So.2d 989 (1991)
Joyce Ann ROSSO, Petitioner,
v.
Crockett FARNELL, As Circuit Judge of the Sixth Judicial Circuit, Respondent.
No. 91-01137.
District Court of Appeal of Florida, Second District.
June 26, 1991.
*990 Mark Schleben, Mark Schleben, P.A., Clearwater, for petitioner.
Paul A. Meissner, Carlson, Meissner, Webb, Dodson and Hart, P.A., Clearwater, and M. Katherine Ramers, Boyer and Kock, P.A., Dunedin, for respondent.
PER CURIAM.
Joyce Anne Rosso seeks a writ of prohibition to prevent the trial court from further exercising jurisdiction over the child custody aspects of her husband's petition for dissolution of marriage. We have jurisdiction. See Hamill v. Bower, 487 So.2d 345 (Fla. 1st DCA 1986).
At the outset of the husband's dissolution action filed in Pinellas County, the trial court was informed that Mrs. Rosso had a child custody proceeding pending in New York. The trial court requested the New York court to provide it with a copy of all pleadings and transcripts filed in that proceeding. The trial court failed, as required by sections 61.1314(1) and (3), Florida Statutes (1989), to stay the custody action here until it received information from New York on the status of the proceeding there and until it could be determined which court was the appropriate forum to resolve the issue of child custody.
Because the jurisdiction requirements of section 61.1314 are mandatory, we grant the petition, quash those portions of the trial court's order of March 22, 1991, pertaining to child custody, and remand with directions to stay the child custody aspects of the dissolution matter until the trial court determines, after communication with the New York court and consideration of the requirements of the Uniform Child Custody Jurisdiction Act, sections 61.1302 through 61.1348, Florida Statutes (1989), which forum is the most appropriate to resolve the custody dispute.
Petition for writ of prohibition granted.
DANAHY, A.C.J., and FRANK and ALTENBERND, JJ., concur.