588 So.2d 692 (1991)
Edward STEWARD, Appellant,
v.
Dale P. STEWARD, Appellee.
No. 91-291.
District Court of Appeal of Florida, Fifth District.
November 14, 1991.
Maureen M. Matheson and Morgan J. Laur of Reinman, Harrell, Graham, Mitchell & Wattwood, P.A., Melbourne, for appellant.
M.K. Poe of Poe & Poe, P.A., Melbourne, for appellee.
COWART, Judge.
The parties, while residents of Panola County, Mississippi, were divorced in that *693 county in 1985. The divorce decree awarded the mother custody of the two children and the father visitation privileges. In July, 1987 the mother moved to Florida with the children. In November, 1988 the Mississippi divorce court modified the divorce decree revising the father's visitation schedule and reducing his child support obligation.
In March, 1990, the mother filed a complaint in Florida to establish the Mississippi decree as a Florida judgment and, alleging a substantial change in circumstances, sought modification of the order to require the father to pay the children's visitation travel expenses to and from Mississippi.[1] On April 2, 1990, after having been served with the Florida complaint, the father petitioned the Mississippi court for declaratory relief, for modification and for contempt proceedings. Thereafter on April 11, 1990, the Florida court entered an order establishing the Mississippi divorce decree as a Florida judgment finding that Florida was the home state of the children, that the father had been personally served, and that the Florida court had jurisdiction over the parties and subject matter of the cause. On May 15, 1990, the father filed in the Florida court a motion to dismiss the mother's Florida complaint and to set aside the April 11, 1990 order, alleging that Mississippi was the most convenient forum to consider the matter. On July 9, 1990, the Florida court denied the motion and granted the mother's motion requiring the father to post a bond as a condition to visitation with the children. On September 18, 1990, the Mississippi court ruled it had continuing jurisdiction over the parties and the subject matter of the cause, and that it was the more convenient forum to resolve the dispute. This Mississippi order reflects on its face that the Florida court was being advised of the order and being requested to dismiss the Florida action. On October 5, 1990, the father again moved to dismiss the Florida action on the basis of the Mississippi court's September 18, 1990, ruling. On January 4, 1991, the Florida court denied the motion to dismiss, alleging that the Florida judge had talked with the Mississippi judge before the Mississippi order of September 18, 1990 and that the judges had agreed that the Florida court had jurisdiction of the children and that the Mississippi judge was going to relinquish jurisdiction. The father appeals. We reverse.
The mother alleges that this court does not have jurisdiction because the father failed to timely pursue interlocutory review of the Florida orders determining jurisdiction entered prior to January 4, 1991. We do not agree. The January 4, 1991 Florida order, which is the subject of this appeal, was entered after the Mississippi court's September 18, 1990 order ruling that it had jurisdiction over the cause, which court action was contrary to the supposed agreement between the judges. This court has jurisdiction of this appeal under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i).
Both Florida and Mississippi have adopted the Uniform Child Custody Jurisdiction Act (UCCJA). Under the UCCJA, the rules governing modification jurisdiction are markedly different from those applicable to initial jurisdiction. Initial jurisdiction is primarily governed by section 61.1308, Florida Statutes, while section 61.133 forbids a Florida court from modifying the custody decree of another state unless the other state no longer has, or has declined to exercise, jurisdiction. See Yurgel v. Yurgel, 572 So.2d 1327 (Fla. 1990); Hamill v. Bower, 487 So.2d 345 (Fla. 1st DCA 1986). If minimum contacts have been maintained with the state where the original custody decree was initially determined, the court of that state does not lose jurisdiction over its decree. Yurgel, 572 So.2d at 1332. Under Yurgel, neither the fact that there was no active proceeding in Mississippi when the mother filed the petition in Florida nor the fact that the children had been residing in Florida for 2 1/2 years, is determinative of the issue of jurisdiction of *694 a Florida court to modify an existing custody decree although those factors might be important in determining whether a Florida court might exercise jurisdiction to make an initial child custody determination.[2] In this case, the father continues to reside in Mississippi and the children have made regular visits there. Therefore, all contacts with the State of Mississippi have not been lost, Yurgel, 572 So.2d at 1331, the Mississippi court has jurisdiction and has not declined to assume jurisdiction. To the contrary, the Mississippi court has ruled that it had jurisdiction and directed the Florida court to dismiss the Florida action. Therefore, under these circumstances and under the UCCJA, the Mississippi court is the appropriate court to litigate custody and related (support and visitation) issues. See e.g., Micklow v. Micklow, 572 So.2d 949 (Fla. 1st DCA 1990) (Virginia court had modification jurisdiction over its custody decree where child continued to visit mother in Virginia after moving with father to Florida, Virginia court had expressly refused to defer such jurisdiction to Florida court).
Section 61.1316, Florida Statutes, relating to the principle of inconvenient forum, begins: "A court which has jurisdiction under this act to make an initial or modification decree may decline to exercise its jurisdiction... ." This would indicate that the principle of inconvenient forum may be invoked only by a court which has jurisdiction in the first place and cannot be used by a court lacking jurisdiction to otherwise obtain jurisdiction. In other words, the Mississippi court, applying that state's inconvenient forum statute, could decline to exercise its jurisdiction if it determines that another state affords a more appropriate forum. However, the Florida court could not acquire jurisdiction by merely concluding that Mississippi would be an inconvenient forum and that Florida would be a more convenient forum. Such a view would, in the words of Yurgel, "come perilously close to resurrecting the discredited concept of concurrent jurisdiction in custody disputes". 572 So.2d at 1332.
Section 61.1332 permits the filing of and enforcement of a foreign custody decree entered by another state. However, this authority to enforce an out of state decree does not include the power to modify it. See Bodenheimer, Interstate Custody: Initial Jurisdiction and Continuing Jurisdiction Under the UCCJA, 15 Family Law Quarterly, 203 (Winter 1981).
The appealed order of January 4, 1991, denying the father's motion to dismiss, is reversed with directions for the court to dismiss the mother's petition to modify the Mississippi custody order.
The father's motion for award of attorney's fees under section 61.1316(7), Florida Statutes, and the mother's motion under section 61.16, Florida Statutes, are both denied.
REVERSED and REMANDED.
HARRIS and GRIFFIN, JJ., concur.
NOTES
[1] See e.g., Mast v. Reed, 578 So.2d 304 (Fla. 5th DCA 1991) (en banc); Cole v. Cole, 530 So.2d 467 (Fla. 5th DCA 1988).
[2] See e.g., Siegel v. Siegel, 575 So.2d 1267 (Fla. 1991). Newcomb v. Newcomb, 507 So.2d 1145 (Fla. 3d DCA 1987), cited by the mother, is erroneous in applying, in a modification proceeding, legal principles governing initial jurisdiction determinations.