THOMPSON, Judge.
Appellant/former husband, Jorge Benitez (Benitez), appeals the order dismissing his amended petition to domesticate and modify a foreign final judgment. Several issues were raised concerning the court’s jurisdiction over the parties and the subject matter. However, the court’s ruling that Orange County, Florida is not the appropriate forum for the action is dispositive. We affirm the trial court.
Benitez and Marilyn Konfino (Konfino), appellee/former wife, were married 5 January 1980 in Mexico City, Mexico. They lived together as husband and wife until 30 January 1990. The parties had two children born of this marriage. The children were born and raised in Fulton County, Georgia and lived with their parents until the marriage ended. The parents filed for an uncontested *862 divorce and executed a marital settlement agreement. Konfino was given sole physical custody of the children, but she agreed to live within the five county metropolitan area of Atlanta. Shortly after the marriage ended, each party agreed to move to Florida to be close to relatives and in-laws. Benitez moved to Dade County, Florida, and Konfino moved to Seminole County, Florida. Konfino lived in Fern Park for two years; from July 1990 until August 1992. In 1992, Konfino remarried and moved back to Georgia. On 2 September 1992, Konfino was served in Fulton County, Georgia with Benitez’s petition for modification of final judgment. Benitez’s petition was later amended to incorporate a request to domesticate the Georgia judgment as a Florida judgment. A hearing was held on 2 October 1992 before the Honorable Ted Coleman. After the hearing, the trial judge dismissed the amended petition. The court noted that the only reason the case was filed in Orange County, Florida was because Beni-tez’s brother was a lawyer in Orange County and was representing him for free. The court found that Orange County was an “inconvenient forum” for the case since Konfino and the children “presently reside in Fulton County, Georgia,” the “Former Husband resides in Dade County, Florida,” and none of the parties had ever lived in Orange County and had no ties to Orange County.
The trial court had the jurisdiction to determine if it could properly exercise its jurisdiction. § 61.1316(1), Fla.Stat. (1991). Although Benitez argues that Florida was the correct state for a court to rule on the merits of the amended petition, Fulton County, Georgia was still the appropriate forum to decide the issue of modification since it was the place where the original judgment was entered and is the place where Konfino and the children live. The children are in school in Fulton County, the school records are there, and so are all of the witnesses who can be called to determine what is in the best interest of the children. It was discretionary with the trial court to exercise jurisdiction or to decline to exercise jurisdiction in favor of the Georgia court. Siegel v. Siegel, 575 So.2d 1267 (Fla.1991); § 61.1316(1), (2) & (5), Fla.Stat. (1991). This decision is consistent with the goals of the Uniform Child Custody Jurisdiction Act (UCCJA).
Some of the purposes of the UCCJA are to discourage conflict between multiple state courts, each of which has been petitioned to determine custody or modification of custody orders; to promote cooperation between courts; to allow the court in the state where the child and his family have the closest ties to determine the issue of custody; to promote an end to litigation and relitigation over custody issues; and, to make sure custody orders are uniformly enforced. § 61.1304(1)-(4), (6)—(9), Fla.Stat. (1991). The trial court reviewed the pleadings which stated that the court in Fulton County, Georgia had entered the final judgment of dissolution which incorporated a resolution of child custody in the marital agreement executed by both parties. The agreement reads in part:
C. Wife agrees to reside with, the minor children within the five (6) county areas of Fulton, DeKalb, Cobb, Gwinett, and Clayton, in order to facilitate the implementation of joint legal custody unless the Parties jointly agree otherwise, or until the youngest child reaches the age of eighteen (18), whichever event shall first occur.
Konfino and the children have returned to Fulton County, Georgia and have reestablished their ties to the community. The trial court properly found that the Georgia court was in a better position to evaluate a request to change custody. The trial court’s decision is consistent with the UCCJA and Florida law. In Yurgel v. Yurgel, 572 So.2d 1327 (Fla.1990), the Florida Supreme Court stated that:
We recognize, of course, that there may be circumstances in which equity and fairness require the courts of Florida to decline to exercise continuing jurisdiction because another state is the more appropriate forum. This particularly is true when Florida, for whatever reason, has become an inconvenient forum.
Id. at 1331 (citation omitted). Although this case does not involve multiple petitions filed in multiple states, e.g. Steward v. Steward, 588 So.2d 692 (Fla. 5th DCA 1991) (conflict of jurisdiction between Mississippi and Florida), Roby v. Nelson, 562 So.2d 375 (Fla. 4th DCA *863 1990) (conflict between Colorado and Florida), the reasoning of the UCCJA still applies because the former wife and children have significant ties to Georgia. Roby, 562 So.2d at 378; § 61.1302, Fla.Stat. (1991). Since Benitez has the obligation to demonstrate that the trial judge made an error in determining that Florida is an inconvenient forum and has failed to carry his burden, the trial court is affirmed. See Siegel, 575 So.2d at 1271; cf. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
AFFIRMED.
DAUKSCH and COBB, JJ., concur.