660 So.2d 366 (1995)
David Edward SANCHEZ, Appellant,
v.
Katherine HORRELL, f/k/a Katherine Sanchez, Appellee.
No. 94-1855.
District Court of Appeal of Florida, Fourth District.
September 13, 1995.
Glenn H. Mitchell, West Palm Beach, for appellant.
*367 Cindy A. Barwell of Cindy A. Barwell, P.A., Delray Beach, for appellee.
KLEIN, Justice.
Appellant/former husband appeals an order denying his motion to set aside a final default judgment domesticating and modifying a Texas divorce decree. We conclude that the default should have been set aside and reverse.
The former wife, after living in Florida more than 6 months with the children, sought to have the 1985 Texas judgment dissolving the parties' marriage domesticated in Florida and modified regarding visitation, as well as other relief. The husband was served in Texas on April 5, 1994, and contacted Lawyer Referral Service in Palm Beach County which gave him the name of a lawyer. The lawyer requested a retainer from the husband prior to entering a formal appearance, and obtained from wife's counsel an extension for filing an answer until May 5. Husband mistakenly sent the retainer check to the lawyer referral service so that by the time the lawyer received it there were insufficient funds in husband's account. Husband's counsel took no action in regard to the May 5 due date, and on May 6 wife moved for a default which was entered by the clerk on May 9.
Husband's counsel was then notified that there were sufficient funds to cover the retainer check and filed a motion to set aside the default and the final judgment which had been entered thereon on May 16. In the sworn motion, served May 27, husband's counsel stated that he had received the motion for final judgment on the same day he had been informed that there were sufficient funds to cover the retainer check, that he contacted wife's counsel, but she would not stipulate to setting aside the default. He further stated that his secretary inadvertently did not calendar the date for the hearing on the wife's motion for final judgment. The motion to set aside was denied after a hearing several days later.
A default should be set aside where the movant shows excusable neglect, a meritorious defense, and due diligence in seeking to have the default set aside. Gibraltar Serv. Corp. v. Lone and Assocs., Inc., 488 So.2d 582 (Fla. 4th DCA 1986). We have no trouble concluding that the husband has alleged a meritorious defense and exercised due diligence in seeking to set the default aside. Whether or not this neglect was excusable, however, is another matter. Under different circumstances we might well have held that this neglect was not excusable; however, we cannot ignore the fact that this default judgment severely restricted husband's visitation rights. Because reasonable doubt should be resolved by vacating a default, North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla. 1962), and because a default is to prevent a dilatory defendant from impeding litigation, not to provide a plaintiff with an advantage, Coggin v. Barfield, 150 Fla. 551, 8 So.2d 9 (1942), we resolve the issue of excusable neglect in favor of the husband.
Reversed.
GLICKSTEIN, J., concurs.
WARNER, J., concurs specially with opinion.
WARNER, Justice, concurring specially.
I concur with the opinion and would add what is an equally compelling reason for reversal, namely that a court of this state may not modify a custody decree of another state except in accordance with section 61.133, Florida Statutes (1993). That statute makes clear that a court of this state shall not modify a custody decree of another state unless (1) the prior state does not now have jurisdiction in substantial conformity with the act or has declined to exercise jurisdiction and (2) this state has jurisdiction. Since it is clear that Texas continued to have jurisdiction in this dispute, see Roby v. Nelson, 562 So.2d 375 (Fla. 4th DCA 1990), the courts of this state should not have acted unless and until Texas declined jurisdiction.
I have noted in at least two recent cases in this court that some attorneys seem to think that the requirements of the Uniform Child Custody Jurisdiction Act (UCCJA) can be circumvented by simply domesticating an out-of-state custody decree and then obtaining *368 modification of it as a Florida decree. That, however, conflicts with the UCCJA. Its laudable goals of preventing highly destructive interstate custody battles and "parental kidnapping" would be thwarted if the UCCJA could be so easily ignored.
While this issue was not raised in the briefs, I point it out for the benefit of the bench and bar.