686 So.2d 802 (1997)
Robert A. SNIDER, Petitioner,
v.
Cornelia N. SNIDER, Respondent.
No. 96-3660.
District Court of Appeal of Florida, Fourth District.
January 29, 1997.
*803 Nancy Little Hoffman of Nancy Little Hoffman, P.A., Fort Lauderdale, for petitioner.
John W. Carroll, Palm Beach Gardens, for respondent.
KLEIN, Judge.
Petitioner seeks common law certiorari, arguing that the trial court erred in denying his motion to dismiss for lack of subject matter jurisdiction in a custody modification proceeding. We have jurisdiction. O'Connor v. O'Connor, 447 So.2d 1034 (Fla. 4th DCA 1984).[1]
The marriage of the parties was dissolved by a judgment entered in Palm Beach County in 1991. Under that judgment the parties' son was to reside with the mother in Palm Beach County, with liberal visitation with the father. In 1992, with the consent of the parties, the court modified the final judgment to allow the mother and child to move to Pennsylvania, and to change visitation.
This proceeding began with the mother filing a petition in the trial court in January 1996, seeking modification of visitation and permission to move to the State of New York *804 at the end of the school year because of her present husband's employment. Her petition reflected that the father resided in Georgia.
The father filed a counterpetition seeking a change in custody, and in August 1996, the court entered a temporary order allowing the mother to relocate, establishing a temporary visitation schedule, and denying the father's motion for temporary custody. The father thereafter changed counsel, and his new counsel moved to vacate the temporary relief order and dismiss for lack of subject matter jurisdiction. His motion was grounded on the fact that he had been a resident of Georgia for more than one year and the fact that the mother and child had been residents of Pennsylvania since 1993. He argued that the court therefore lacked subject matter jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA).
Whether the jurisdictional requirements of section 61.1308 of the UCCJA have been met is a question of subject matter jurisdiction. Guerra v. Fischer, 463 So.2d 535 (Fla. 4th DCA 1985); Costantino v. Costantino, 386 So.2d 1274 (Fla. 3d DCA 1980); Hegler v. Hegler, 383 So.2d 1134 (Fla. 5th DCA 1980). Subject matter jurisdiction is conferred upon a court by a constitution or statute, and cannot be created by waiver, acquiescence or agreement of the parties. State Dep't of Health and Rehabilitative Servs. v. Schreiber, 561 So.2d 1236 (Fla. 4th DCA 1990), rev. denied, 581 So.2d 1310 (Fla. 1991).
The fact that the trial court entered the judgment of dissolution, in and of itself, does not provide a basis for jurisdiction under section 61.1308. As the court said in Yurgel v. Yurgel, 572 So.2d 1327, 1332 (Fla. 1990), jurisdiction "continues up until a Florida court expressly determines on some other basis that jurisdiction no longer is appropriate, until virtually all contacts with Florida have ceased, until some other Florida statute terminates jurisdiction, or until jurisdiction is terminated by operation of the PKPA." (underlining added).
In the present case all contacts with Florida have ceased. We reject the mother's argument that the participation of the parties and involvement of the court which followed her filing the petition for modification in 1996 create the requisite contact with Florida. That argument cannot be reconciled with the fact that subject matter jurisdiction under the UCCJA can "neither be created nor waived by the litigants." Steckel v. Blafas, 549 So.2d 1211, 1213 (Fla. 4th DCA 1989). She does not allege that any other grounds for jurisdiction found in section 61.1308 are present, such as that there is an emergency, that no other state would have jurisdiction, or that another state has declined jurisdiction on the ground that Florida is the more important forum.
In O'Connor v. O'Connor, 447 So.2d 1034, 1037 (Fla. 4th DCA 1984), this court quoted an example given by Professor Bodenheimer, which is instructive, given the facts in the present case:
A typical example is the case of the couple who are divorced in state A, their matrimonial home state, and whose children are awarded to the wife, subject to visitation rights of the husband. Wife and children move to state B, with or without permission of the court to remove the children. State A has continuing jurisdiction and the courts in state B may not hear the wife's petition to make her the sole custodian, eliminate visitation rights, or make any other modification of the decree, even though state B has in the meantime become the "home state" under section 3. The jurisdiction of state A continues and is exclusive as long as the husband lives in state A unless he loses contact with the children, for example, by not using his visitation privileges for three years. (Bodenheimer, Uniform Child Custody Jurisdiction Act (1969) 22 Vanderbilt L.Rev. 1207, 1237).
We need not determine in this case precisely when Florida no longer had subject matter jurisdiction. It probably continued to exist so long as the father lived here. Bodenheimer, Interstate Custody: Initial Jurisdiction and Continuing Jurisdiction Under the UCCJA, 14 Fam. L.Q. 203, 214-215 (1981), quoted in Steckel, 549 So.2d at 1213-14. Once the father moved to Georgia, however, *805 Florida lost jurisdiction, because all contact had ceased. We therefore quash the orders entered by the lower court and remand for dismissal.
GUNTHER, C.J., and STEVENSON, J., concur.
NOTES
[1] We treated a non-final appeal as certiorari in O'Connor, relying on Bedingfield v. Bedingfield, 417 So.2d 1047 (Fla. 4th DCA 1982), which did not involve subject matter jurisdiction. Since prohibition is normally the process used to prevent a court from exceeding its jurisdiction, DeGroot v. Sheffield, 95 So.2d 912 (Fla.1957), a petition for writ of prohibition would also have been appropriate in this case. See King v. Roda, 405 So.2d 1069 (Fla. 5th DCA 1981).