PER CURIAM.
The trial court did not depart from the essential requirements of law by refusing to exercise subject matter jurisdiction over Mr. Nobile’s petitions concerning visitation and custody of the party’s minor children. The children have continually resided with their mother, respondent, either in Georgia or Tennessee, since the dissolution of marriage entered in Leon County on December 11, 1996. The first of Mr. Nobile’s petitions came more than one year after the final judgment of dissolution. The fact that the Florida trial court entered a judgment of dissolution does not in and of itself provide a basis for jurisdiction under section 61.1308, Florida Statutes (1997). See Snider v. Snider, 686 So.2d 802 (Fla. 4th DCA 1997). Here, petitioner has completely failed to comply with the mandatory requirements of section 61.132, Florida Statutes (1997), concerning subject matter jurisdiction. Respondent, on the other hand, brought a proceeding in hér present home state, Tennessee, and in bringing that proceeding, complied with the affidavit requirements of the Uniform Child Custody Jurisdiction Act.
PETITION DENIED.
ERVIN, MINER, and KAHN, JJ., Concur.