PETERSON, J.
Kelli R. Kemper, a Tennessee resident, appeals the dismissal of her petition for modification of custody of a minor for lack of subject matter jurisdiction. The parties’ marriage had been dissolved in Florida. As part of this dissolution, and by agreement of the parties, the husband acquired primary residential custody of the child. The court below determined that Florida courts lost jurisdiction to entertain Kelli’s current petition because neither the child nor parents currently reside in Florida.
The trial court examined the provisions of section 61.1308, Florida Statutes (2001), and summarily determined that it had no jurisdiction to entertain the petition because the father had moved to Georgia with the child. It also relied upon Roby v. Nelson, 562 So.2d 375 (Fla. 4th DCA 1990) for the proposition that “jurisdiction is lost when the child and all of the parties move away from the original state.”
We find that dismissal of the petition was premature because Kelli alleged that the father’s move to Georgia from Florida within three or four months of the time she filed her petition was not a legitimate move. Section 61.13(2)(a), Florida Statutes (2001) provides:
The court shall have jurisdiction to determine custody, notwithstanding that the child is not physically present in this state at the time of filing any proceeding under this chapter, if it appears to the court that the child was removed from this state for the primary purpose of removing the child from the jurisdiction of the court in order to avoid a determination or modification of custody.
We vacate the dismissal of Kelli’s petition and remand to the trial court for consideration of whether the father’s move to Georgia was for a legitimate reason or was for the purpose of avoiding the jurisdiction of Florida courts. A temporary removal or absence from one domicile with an intent to return there will not suffice to establish a new domicile. See, e.g., Bloomfield v. City of St. Petersburg Beach, 82 So.2d 364 (Fla.1955).
DISMISSAL VACATED; REMANDED.
GRIFFIN and PLEUS, JJ., concur.