KLEIN, J.
This ease arises out of a Massachusetts action which was resolved by a court order adopting a stipulation establishing child support, custody and visitation. It appears that the father and mother later moved to Florida in 2002, but the mother now wishes to move with the child to another state. The father filed this action in Florida to prevent the mother from removing the child from Florida, and the mother argues in this petition for writ of prohibition that the trial court does not have subject matter jurisdiction. We deny the petition.
The basis of the mother’s argument that the trial court lacks jurisdiction to enforce the Massachusetts court order is that the father has not registered the Massachusetts court order in Florida. The mother relies on a provision of the Uniform Child Custody Jurisdiction and Enforcement Act, section 61.528(1), Florida Statutes (2006), which provides:
A child custody determination issued by a court of another state may be registered in this state, with or without a simultaneous request for enforcement, by sending to the circuit court of the county where the petitioner or respondent resides or where a simultaneous request for enforcement is sought.
The mother moved to dismiss the father’s action in the trial court because he had not previously registered the Massachusetts order. The father responded by pointing out that he had attached a copy of the Massachusetts court order to his initial pleading in this case, and that registration was unnecessary in this case. He asserts that registration is irrelevant because the relief he is seeking is not enforcement, but rather that Florida, the home state for several years, take jurisdiction and prohibit relocation of the child.
The trial court deferred ruling on the mother’s motion to dismiss pending an evi-dentiary hearing on jurisdiction, but before the hearing took place the mother filed this petition for writ of prohibition asserting that the trial court lacked jurisdiction to proceed. We conclude that, under sections 61.514, 61.515 and 61.516, the trial court had jurisdiction to determine if Florida has jurisdiction under the UCCJEA. Benitez v. Konfino, 624 So.2d 861 (Fla. 5th DCA 1993). We accordingly deny the petition.
STONE and TAYLOR, JJ., concur.