PER CURIAM.
 

 Erin Medlin seeks a writ of prohibition to prevent the trial court from further exercising jurisdiction over the petition for dissolution of marriage filed by her husband in the Circuit Court for Columbia County. We have jurisdiction.
 
 See Rosso v. Farnell,
 
 581 So.2d 989 (Fla. 2d DCA 1991);
 
 Hamill v. Bower,
 
 487 So.2d 345 (Fla. 1st DCA 1986).
 

 After the filing of the husband’s dissolution action, the trial court was informed that Mrs. Medlin had earlier sought dissolution of marriage and resolution of child custody issues through a petition filed in the State of Washington. After a hearing on the wife’s motion to dismiss, the Florida court denied the motion, finding that the husband had signed a Washington State dissolution petition at a time when no case had been filed in Washington State. The significance of this fact is not apparent, as the parties both signed the petition prior to its filing. The circuit court also relied upon the fact that the husband had never been served with the Washington State petition but the wife argues that such service is unnecessary under the Washington rules of procedure because the husband joined in the petition. This is a legal question which can best be resolved through communication between the Florida court and the Washington court in accordance with section 61.519(2), Florida Statutes. We therefore grant the petition and stay the dissolution of marriage action in the Circuit Court for Columbia County until the court has complied with its statutory obligation to communicate with the Washington court and, if appropriate, dismiss the Florida case.
 

 Petitioner asks this court to direct the circuit court to consider assessment of fees and costs to the wife under the provisions of section 61.521(3), Florida Statutes. We decline to address this issue, finding that it should first be presented to the circuit court.
 

 PETITION GRANTED.
 

 HAWKES, C.J., BARFIELD and BENTON, JJ., concur.