ZEHMER, Judge.
Gerald Micklow appeals an order denying his petition to domesticate and modify a Virginia child custody decree. Because the Virginia court continues to have jurisdiction over this matter and expressly refused to defer such jurisdiction to the Florida court, the Florida court was eminently correct in refusing to exercise jurisdiction and consider the petition for modification. We therefore affirm the appealed order.
On June 10,1988, the Montgomery County, Virginia, Circuit Court dissolved the marriage of Gerald Micklow (the father) and Kathryn Micklow (the mother). In the dissolution decree, the court awarded custody of the parties’ minor child to the father, and granted the mother visitation privileges that could be exercised every other weekend and one day per week. In July 1988, the father petitioned the Virginia court to allow him to temporarily move to Florida with the child pending a further hearing. The court granted this petition and the father and the child moved to Florida in August 1988. In February 1989, the Virginia court modified the divorce decree to grant the mother visitation from June 15 to September 1 each year, one week each Christmas, and one week each Easter.
In April 1989, the father filed a petition to domesticate and modify the Virginia divorce decree in the Alachua County, Florida, Circuit Court. After the father filed the petition in the Florida court, the mother petitioned the Virginia court to assert jurisdiction. The Virginia court reviewed the petition the father had filed in Florida and found itself to be in the best position to determine the truth of the allegations set forth in that petition pertaining to the mother’s lifestyle, criminal record, alcohol consumption, and housing. In a decree dated June 9, 1989, the Virginia court stated that it would continue to assert its jurisdiction over matters pertaining to the child and declined to defer such jurisdiction to the Florida court. On February 22, 1990, the Florida court entered an order denying the father’s petition to domesticate and modify the custody decree. The Florida court stated that while it had jurisdiction to modify the Virginia custody decree, it declined to do so in accordance with section 61.133, Florida Statutes (1989), on the basis that the Virginia court had concurrent jurisdiction because it satisfied the prerequisites of section 61.1308(l)(b), Florida Statutes (1989), and had refused to defer jurisdiction to the Florida court.
Section 61.133, Florida Statutes (1989), which is the portion of the Uniform Child Custody Jurisdiction Act that addresses modification of a custody decree of another state, states in pertinent part:
(1) If a court of another state has made a custody decree, a court of this state shall not modify that decree unless:
*951 (a) It appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this act or has declined to assume jurisdiction to modify the decree; and
(b) The court of this state has jurisdiction.
Section 61.1308(l)(b), Florida Statutes (1989), states that a court has jurisdiction to enter a modification decree if:
It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child’s present or future care, protection, training, and personal relationships.
The record supports the Florida court’s finding that the Virginia court has jurisdiction under section 61.1308(l)(b). The child had lived in Virginia for 22 months prior to moving to Florida, and the mother still lives in Virginia. The mother has exercised her visitation privileges, and the child has stayed with her in Virginia during those periods. Many matters pertaining to custody, visitation, and support of the child have been litigated in the Virginia court since entry of the initial decree, and these proceedings obviously have resulted in a substantial amount of evidence having been reviewed by the Virginia court.[1] Unquestionably, the child and both parents still have a significant connection with Virginia.[2] Furthermore, all of the changed circumstances alleged by the father in support of his petition for modification (the mother’s home is unsuitable for the child; the mother’s neighborhood is dangerous; the mother has a criminal record; the mother is an alcoholic; the mother allows different men to sleep with her at her home) occurred, if at all, in Virginia, and the evidence and witnesses supporting or defending these allegations will likely be located in Virginia.
Since the child and one or both of the parents have a significant connection with Virginia, and since substantial evidence is available in Virginia regarding the child’s present or future care, protection, training, and personal relationships, there is ample *952 basis in the record to support the Florida court’s ruling that the Virginia court continues to have jurisdiction over this matter and is the appropriate court in which to litigate these matters. In view of the Virginia court’s express refusal to defer jurisdiction of this matter to the Florida court, the Florida court did not err in refusing to exercise jurisdiction in accordance with section 61.133(1), Florida Statutes (1989).
AFFIRMED.
SHIVERS, C.J., and JOANOS, J., concur.

. This is a summary of the actions that have taken place in the Virginia court subsequent to that court's entry of the divorce decree:
6/22/88: The Virginia court entered an order enjoining the parties from moving the residence of the child outside of the jurisdiction of the court without obtaining prior leave.
7/29/88: The Virginia court entered a decree permitting the father to temporarily move the child to Florida "pending further hearings before this Court.”
1/5/89: The Virginia court conducted an evi-dentiary hearing concerning matters pertaining to the child.
2/23/89: The Virginia court modified the divorce decree to grant the mother visitation privileges during the summer and holiday periods.
[4/19/89: The father filed the petition to modify and domesticate the Virginia divorce decree in the Florida court.]
6/9/89: The Virginia court reviewed the petition the father filed in Florida and found that the Virginia court was in the best position to determine the truth of the allegations set forth in the petition, that it would continue to assert jurisdiction over matters pertaining to the child, and that it would decline to defer jurisdiction to the Florida court.
7/29/89: The Virginia court held a hearing on the father’s petition for a change in the mother’s visitation; the court did not change the visitation schedule.
12/22/89: The Virginia court held a hearing on the mother's petition for enforcement of her Christmas visitation privileges and decreed that she was entitled to such privileges.
1/2/90: The Virginia court held a hearing regarding child support, the father's interference with the mother’s telephone visitation privileges, and the parties’ obligations regarding alienation of the child’s affection.
4/90: The mother petitioned the Virginia court for sole custody of the child.
6/90: The father petitioned the Virginia court for a reduction in the mother’s summer visitation privileges, a social study regarding child custody, and a requirement that the mother and the child attend weekly counseling sessions.
7/9/90: The Virginia court held a hearing on the father’s June 1990 petition.

. The record shows that the father has not only submitted to the Virginia court’s continued jurisdiction, but has requested that court to continue its exercise of jurisdiction by his continuing to file petitions for modification with the Virginia court.