546 So.2d 100 (1989)
Michael BROOKS, Appellant,
v.
Theresa BROOKS, Appellee.
No. 89-0337.
District Court of Appeal of Florida, Fourth District.
July 7, 1989.
*101 Gary S. Israel, Palm Beach, for appellant.
Joseph Jordan, West Palm Beach, for appellee.
PER CURIAM.
This is a non-final appeal from an order denying appellant's motion to dismiss this child custody modification proceeding for lack of personal jurisdiction. We have jurisdiction to review this matter pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i). Appellant also seeks review of two other non-final orders; however, he failed to timely file notices of appeal from those orders so this court lacks jurisdiction to review them.
The parties were divorced in 1985 and custody of the children was originally given to appellee. A modification of the final judgment was entered and custody changed to appellant. Appellant and the children moved to California in 1986. The children were in Florida in 1988 on summer visitation with appellee when appellant asked appellee to keep the children longer than planned because he was ill. Appellee petitioned for modification of child custody in September, 1988. After service of this petition, appellant filed a motion to dismiss for lack of personal jurisdiction, citing the Uniform Child Custody Jurisdiction Act and alleging that California was the home state of the children. After a hearing on the motion to dismiss, the trial court denied appellant's motion and found that appellant had submitted himself to the jurisdiction of the court.
We reverse the trial court's order denying appellant's motion to dismiss. The trial court erred when it failed to consider the requirements for determining jurisdiction pursuant to section 61.1308(1), Florida Statutes (1987). Whether a parent has submitted himself to the jurisdiction of the court is irrelevant to the proper determination of which state should assume jurisdiction in a custody dispute.
We do not have sufficient record at this point to determine whether Florida or California should assume jurisdiction in this matter because the trial court limited its inquiry to its finding that appellant submitted himself to the court's jurisdiction. We remand this matter for the appropriate statutory inquiry and determination as provided in section 61.1308(1).
Accordingly, the order denying appellant's motion to dismiss is reversed and remanded for further proceedings.
GLICKSTEIN, STONE and POLEN, JJ., concur.