DELL, Judge.
This appeal and cross-appeal arises out of a child custody dispute. Appellant, Rob *261 in Lynn Rothman, contends the trial court erred when it failed to find appellee in contempt for initiating proceedings in Georgia concerning the custody of the parties’ minor child and for refusing to return the child from a visitation. Appellee, Robert Joseph Rothman, on cross-appeal, contends that Florida no longer has jurisdiction because the parties stipulated to emergency jurisdiction in Georgia and that it is Georgia that must determine the appropriateness of jurisdiction as to permanent placement of child custody.
The trial court accepted the commissioner’s report and made the following findings:
2. In July, 1990, the child went to Georgia to visit the Former Husband. In August, 1990, the Juvenile Court of Liberty County, Georgia, finding the child to be deprived, ordered that temporary custody of the child be placed with his grandparents. The order reflects that the Former Wife was present at the hearing, represented by counsel, and consented to the placement. For the next year, the child resided with the paternal grandparents during the week and the maternal grandmother on the weekends, in West Palm Beach, Florida. The Former Wife continued to have frequent contact with the child.
3. The matter was reviewed by the Liberty County Juvenile Court in August, 1991. At that time, the Court awarded legal custody of the child to the Liberty County Department of Family and Children Services. The Department was authorized to place physical custody of the child with the Former Husband, who is in the military and stationed in Georgia. The Former Wife did not appeal the Georgia order, but has filed the present motion for contempt, which asserts that the Georgia Court’s order was unauthorized.
4. The Former Husband cannot be in contempt because a Georgia court has placed legal custody of the parties’ child with the Liberty County Department of Family and Children Services. Only physical custody of the child has been placed with the Former Husband. The Former Wife’s exceptions to the Report of the Commissioner/General Master appears to concede that point, but yet contends that this Court should order the child’s return to Florida.
[[Image here]]
6. The Former Husband is not in contempt for failing to pay child support because the child presently resides with him, and for the prior year he sent the payments to his parents, who had physical custody of the child.
We affirm the trial court’s denial of appellant’s motion to hold appellee in contempt. We also affirm the trial court’s determination that “[a]ny further proceedings regarding custody of the parties’ minor child are, upon the expiration of Liberty County, Georgia’s temporary jurisdiction in February, 1992, to be filed in Florida in the instant case.”
Although Georgia had emergency subject matter jurisdiction to make temporary (custody) orders, we reject appellee’s argument that Georgia obtained subject matter ' jurisdiction to make permanent child custody determinations. Steckel v. Blafos, 549 So.2d 1211 (Fla. 4th DCA 1989); Brooks v. Brooks, 546 So.2d 100 (Fla. 4th DCA 1989). The final judgment provided that Florida would retain jurisdiction as to matters involving custody of the child and the record shows that the child’s primary contacts remain in Florida. See Yurgel v. Yurgel, 572 So.2d 1327 (Fla.1990).
Accordingly, we hold that Florida has jurisdiction on matters related to permanent custody of the child and that further proceedings concerning custody should occur in this state. We remand this cause to the trial court with instructions to enter such orders as may be required to protect the best interests of the child and as may be necessary to provide for the custody of the child.
AFFIRMED, BUT REMANDED.
HERSEY and STONE, JJ., concur.