622 So.2d 561 (1993)
Madeline BALESTRIERI, Appellant,
v.
Matthew Joseph MALISKA and Rebecca Leonard Maliska, Appellees.
No. 93-1503.
District Court of Appeal of Florida, Fourth District.
August 4, 1993.
Rena J. Taylor, West Palm Beach, for appellant.
Patricia K. Allen, West Palm Beach, for appellee.
*562 KLEIN, Judge.
The issue presented by this case is whether personal jurisdiction is required for a non-resident parent to be bound by a Florida custody judgment. We conclude that the long-arm service provisions in Florida's Uniform Child Custody Jurisdiction Act do not violate due process, and we therefore reverse an order dismissing a petition for modification on the ground of lack of personal jurisdiction.
The appellant was awarded visitation rights with her grandson, Matthew Maliska, Jr., the son of her deceased daughter, by a 1990 Florida judgment. Appellee Matthew Maliska, Sr., the child's father, was a party to that judgment, but appellee Rebecca Maliska was not. In August of 1991 Matthew Sr. moved to Wisconsin with his son and Rebecca. In February of 1992 Matthew Sr. was arrested and incarcerated. Thereafter Rebecca and Matthew Sr. got married, and in July of 1992 Rebecca legally adopted Matthew Jr. in Wisconsin.
In March of 1992, prior to that adoption, the appellant grandmother had filed a petition in Florida to modify the 1990 grandparent visitation order and also sought temporary custody. The trial court granted the motion for modification and temporary custody, however that order has not, so far as we know, been enforced in Wisconsin.
In February of 1993 the grandmother filed an amended petition for modification, joining Rebecca as a party for the first time since she had adopted Matthew Jr. and had custody of him. Rebecca, who was served in Wisconsin, moved to dismiss the amended petition for lack of personal jurisdiction. The trial court granted her motion, and the grandmother appeals.
Although Rebecca recognizes that the court has subject matter jurisdiction to modify its custody order, she argues that the long-arm service made on her violates due process because she has insufficient minimum contacts with Florida. We conclude that minimum contacts are not required.
The Uniform Child Custody Jurisdiction Act (UCCJA), in section 61.1312, Florida Statutes, provides in part:
Notice to persons outside this state; submission to jurisdiction. 
(1) Notice required for the exercise of personal jurisdiction over a person outside this state shall be given in a manner reasonably calculated to give actual notice, and may be:
(a) By personal delivery outside this state in the manner prescribed for service of process within this state... .
Rebecca was served by a process server in Wisconsin in compliance with the UCCJA.
While several Florida courts have touched on the issue of whether personal jurisdiction is necessary to bind a non-resident parent to a Florida custody judgment, none have had to decide it.
In Brooks v. Brooks, 546 So.2d 100, 101 (Fla. 4th DCA 1989), this court stated:
Whether a parent has submitted himself to the jurisdiction of the court is irrelevant to the proper determination of which state should assume jurisdiction in a custody dispute.
In Fox v. Webb, 495 So.2d 879, 880 (Fla. 5th DCA 1986), the court recognized that minimum contacts would be required for modification of child support, but stated in regard to custody (which was not an issue):
The long-arm service provision of the UCCJA, section 61.1312, permits a Florida court to enter a decree concerning custody which binds a non-resident parent, provided it has subject-matter jurisdiction as spelled out in the UCCJA.
In Nussbaumer v. Nussbaumer, 442 So.2d 1094 (Fla. 5th DCA 1983), the court appeared to acknowledge that a custody case does not require personal jurisdiction. Id. at 1096, n. 2.
The minimum contacts test for personal jurisdiction set forth in International Shoe v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), was revisited in Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). Although Shaffer expanded the types of cases encompassed by *563 International Shoe to include in rem proceedings (where courts acquire jurisdiction because of the presence of property in the state), the Court said that it was not extending the minimum contacts standard to cases involving "adjudications of status." 433 U.S. at 208, n. 30, 97 S.Ct. at 2582, n. 30. In Kulko v. Superior Court, (1978) 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978), the Court held that personal jurisdiction was required in order to impose a child support obligation on a parent, but noted that jurisdiction over custody was not in issue.
The UCCJA has been enacted in substantially the same form in all 50 states, the Virgin Islands and the District of Columbia. Of the 17 states which have considered the issue, 14 have interpreted the Shaffer "status" exception to apply to custody cases brought pursuant to the UCCJA,[1] i.e. personal jurisdiction is not required.
In one of those cases, In re Marriage of Leonard, 122 Cal. App.3d 443, 452-53, 175 Cal. Rptr. 903, 908-09 (1981), which contains a comprehensive discussion of this issue, the court stated:

Shaffer acknowledged some exceptions to the International Shoe standard, including some "status" determinations... . Status has been defined as a "relationship between two persons, which is not temporary in its nature, is not terminable at the mere will of either and with which the State is concerned. Marriage is a status ... and so too is the relationship of parent and child, whether natural or adoptive. Accordingly the Restatement (2d) of Conflict of Laws [§§ 69-79 (1971)] and legal literature classify child custody proceedings and adoptions as status proceedings." ... [Bodenheimer and Neeley-Kvarme, Jurisdiction Over Child Custody and Adoption After Shaffer and Kulko (1979) 12 U.C.Davis L.Rev. 229, 246]. In a child custody proceeding, however, the concept of "status" implies more than the state's concern with the relationship of the parties. It encompasses the right and obligation of the state in its parens patriae role to consider the welfare of the child subject to its jurisdiction and to make a determination that is in the best interests of the child. (Citations omitted)
Two of the stated purposes of the UCCJA are to "[a]void jurisdictional competition and conflict with courts of other states in matters of child custody," and to have custody litigation take place in the state where the child and his family have the "closest connection." Section 61.1304(1) and (3), Fla. Stat. (1991). Requiring personal jurisdiction would not only be directly contrary to the provisions of the act authorizing long-arm service, but would *564 also frustrate the primary purposes for adoption of the act.
We conclude that personal jurisdiction is not required to make an out-of-state parent a party to a custody case in which the Florida court has subject matter jurisdiction, i.e. the provisions for long-arm service in Florida's UCCJA do not violate due process.
Reversed and remanded for further proceedings.
GUNTHER and STONE, JJ., concur.
NOTES
[1] Those states are: California, Kansas, Illinois, Indiana, Louisiana, Mississippi, New Jersey, North Carolina, Oregon, Rhode Island, Tennessee, Washington, West Virginia and Wisconsin. In re Marriage of Leonard, 122 Cal. App.3d 443, 175 Cal. Rptr. 903 (1981); In re. M.L.K., 13 Kan. App. 2d 251, 768 P.2d 316 (1989) (termination of parental rights case); In re. Marriage of Schuham, 120 Ill. App.3d 339, 76 Ill.Dec. 159, 458 N.E.2d 559 (1st Dist. 1983); In re Marriage of Hudson, 434 N.E.2d 107 (Ind. 4th DCA 1982), cert. denied, 459 U.S. 1202, 103 S.Ct. 1187, 75 L.Ed.2d 433 (1983); Martinez v. Reed, 490 So.2d 303 (La. 4th Cir.1986); In re. Jackson, 562 So.2d 1271 (Miss. 1990); Genoe v. Genoe, 205 N.J. Super. 6, 500 A.2d 3 (1985); Harris v. Harris, 104 N.C. App. 574, 410 S.E.2d 527 (1991); In re Marriage of O'Connor, 70 Or. App. 658, 690 P.2d 1095 (1984); Pratt v. Pratt, 431 A.2d 405 (R.I. 1981); Roderick v. Roderick, 776 S.W.2d 533 (Tn.App. 1989); Hudson v. Hudson, 35 Wash. App. 822, 670 P.2d 287 (1983); McAtee v. McAtee, 174 W. Va. 129, 323 S.E.2d 611 (1984); Davidson v. Davidson, 169 Wis.2d 546, 485 N.W.2d 450 (1992).

The opinions in the two states which have retained the minimum contacts requirement are not persuasive: In Pasqualone v. Pasqualone, 63 Ohio St.2d 96, 17 Ohio Op.3d 58, 406 N.E.2d 1121 (1980), the Ohio court was being asked to enforce an Illinois decree, and Illinois had not adopted some essential provisions of the UCCJA which the Ohio court considered vital to its decision. It is arguable that the Ohio court did not base its decision on the UCCJA and that a different result would have obtained on the present facts. In Marquiss v. Marquiss, 837 P.2d 25 (Wyo. 1992), there was merely one statement, without discussion, which was dicta. Georgia rejected the minimum contacts requirement, Goldfarb v. Goldfarb, 246 Ga. 24, 268 S.E.2d 648 (1980), but requires in state service based on state law. Ashburn v. Baker, 256 Ga. 507, 350 S.E.2d 437 (1986).