661 So.2d 924 (1995)
Tina Reid Holman WARFIELD, Appellant,
v.
Edward S. WARFIELD, III, Appellee.
No. 94-2971.
District Court of Appeal of Florida, Fourth District.
October 18, 1995.
David M. Shenkman of David M. Shenkman, P.A., Miami, for appellant.
Mary E. Scoville of Law Offices of Mary E. Scoville, Miami, for appellee.
WARNER, Judge.
In this appeal, the former wife contends that the trial court did not have jurisdiction to determine the issue of child custody. Because the wife agreed in the separation agreement to the husband acquiring primary custody of the minor child at the time the child entered school, we hold that the trial court had jurisdiction under the Uniform Child Custody Jurisdiction Act, section 61.1308(1)(b), Florida Statutes, and affirm as to all issues but one. We reverse the judgment only insofar as it restores to the wife her maiden name where no pleading or paper signed by the wife requesting that relief was presented to the trial court.
The parties were married in New York in 1985. In 1989 a son was born to the couple, who then resided in Virginia. Both parties and their child are United States citizens. Just a year later the parties separated and executed a property settlement agreement covering all issues of the marriage and the custody of the parties' child. By its terms, the child was to reside initially with the wife in Cozumel, Mexico. The husband would have visitation with the child for two months each summer. The parties agreed that at the beginning of the school year in 1994, the child would commence residing with the husband and would attend school in the jurisdiction in which the husband then resided. The agreement also contained a provision consenting *925 to the incorporation of its terms in any final judgment of divorce. It appears from the meager record that the parties complied with the agreement. The child resided with the wife in Mexico, and the husband exercised his visitation regularly. The husband moved to Florida sometime in 1992 or 1993, and the child visited with his father in Florida in December 1993.
On June 14, 1994, the husband filed a pro se petition for dissolution in the Broward County Circuit Court. The petition requested the incorporation of the parties' 1990 agreement in the final judgment and its enforcement. A proper affidavit under the UCCJA was filed, and the wife was served with a summons at her Cozumel, Mexico, address in August of 1994. On September 12, 1994, the Clerk of the Court entered a default against the wife for failure to answer the complaint. Two days later, a final hearing was held before the trial judge who entered a final judgment incorporating the separation agreement. The wife was not present at the hearing.
Also in the court file was a document indicating that the wife had filed some sort of action in Mexico on September 1, 1994. All that is contained in the file is what appears to be a summons which was "served" on the husband at the wife's home in Cozumel. No other documents appear in the file indicating the status of the Mexican proceeding or proper service on the husband.
The wife attacks the trial court's jurisdiction to determine child custody issues because both she and the child are residents of Mexico. The wife relies on section 61.1308(1)(a), Florida Statutes, which provides that the court has jurisdiction if this state is the home state of the child. Claiming that Florida is not the home state of the child, the wife concludes that Florida cannot assert jurisdiction.
Of course, the wife ignores the second section of the statute which states that a court of this state can exercise jurisdiction if:
It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.
§ 61.1308(1)(b), Fla. Stat. (1993). We hold that the agreement on its face provides the significant connection with Florida. The parties agreed in writing that the child would reside with and attend school in the jurisdiction in which the husband resided at the commencement of the school year of 1994. Thus, because the husband lived in Florida, the child and the father had a significant connection with the state and there would be available in this state substantial evidence concerning the future care, protection, training and personal relationships. While the wife stresses the fact that the child is not a resident of the state, physical presence of the child in Florida is not a prerequisite to determine custody. § 61.1308(3), Fla. Stat. (1993).
That an action may have been filed regarding custody in Mexico after the institution of proceedings in Florida is of no moment to the acquisition of jurisdiction by the Florida court. Although the statute requires the recognition of custody decrees of legal institutions of other countries where reasonable notice and opportunity to be heard were given to all parties, section 61.1348, Florida Statutes, the husband had not been appropriately served with any action. But even if he had received notice, the trial court was not required under the provisions of the UCCJA to defer to a subsequent action in Mexico. A trial court is only required to defer to proceedings concerning custody of the child pending at the time of the institution of the Florida proceeding. § 61.1314(1), (3), Fla. Stat. (1993). Therefore, under the UCCJA the trial court did not have to defer to the Mexican proceeding.
While the court did not acquire personal jurisdiction over the wife, personal jurisdiction is not required to make an out-of-state parent a party to a custody action where the state court has subject matter jurisdiction under the UCCJA. Balestrieri *926 v. Maliska, 622 So.2d 561 (Fla. 4th DCA 1993). Indeed, the UCCJA contemplates that one party may not be amenable to service within the state, because it has explicit provisions for service of parties outside the state. § 61.1312, Fla. Stat. (1993).
The trial court had subject matter jurisdiction to determine the issue of child custody, and the final judgment is affirmed in this respect.
We sua sponte reverse that portion of the final judgment which restores the maiden name of the wife. While the husband requested that relief in his petition, and the wife defaulted, we hold that no one may request a name change for another person without that person's express consent. Furthermore, because the trial court did not have personal jurisdiction over the wife, it was without jurisdiction to entertain a change of her name.
Affirmed in part; reversed in part.
PARIENTE and SHAHOOD, JJ., concur.