FARMER, Judge.
We affirm the trial court’s grant of relief under rule 1.540(b),[1] which was based on a finding that the court lacked personal jurisdiction over the mother. We find it necessary, however, to reverse the court’s holding that the final judgment of dissolution of marriage should be set aside in its entirety, because we conclude that the court did not lack jurisdiction to dissolve the marriage and to award custody to the petitioning father.
The trial court had subject matter jurisdiction to dissolve the parties’ marriage because it is undisputed that the husband alleged and met the residence requirements of section 61.021,[2] and the wife admitted that she received actual notice of the dissolution proceedings by service of process. Amstein v. Amstein, 422 So.2d 1052 (Fla. 4th DCA 1982). If the trial court has subject matter and personal jurisdiction over the filing spouse, it can dissolve the marital relationship even if it lacks personal jurisdiction over the other spouse. Orbe v. Orbe, 651 So.2d 1295, 1297 (Fla. 5th DCA 1995). It was therefore error to vacate the final judgment to the extent that it dissolved the parties’ marriage, because that part of the judgment was not void.
The trial court also had subject matter jurisdiction to provide for custody of the children under the UCCJA Section 61.1308(l)(a),[3] provides for subject matter jurisdiction if Florida “[i]s the home state of the child at the time of commencement of the proceeding.” The statute defines “home state” as the:
“state in which the child, immediately preceding the time involved, lived with his or her parents, a parent, or a person acting as parent for at least 6 consecutive months....”
§ 61.1306(5), Fla. Stat. (1995). It is uncon-troverted that the child had been living with the father in Florida for more than 6 months before he filed the dissolution of marriage petition. Personal jurisdiction is not required to make an out-of-state parent a party to a custody ease in which the Florida court has subject matter jurisdiction. Warfield v. Warfield, 661 So.2d 924, 925-26 (Fla. 4th DCA 1995), rev. denied, 669 So.2d 252 (Fla.), cert. denied, — U.S. -, 117 S.Ct. 59, 136 L.Ed.2d 21 (1996); Balestrieri v. Maliska, 622 So.2d 561 (Fla. 4th DCA 1993). Hence, the finding that the trial court never obtained personal jurisdiction over the wife did not render the custody provision in the final judgment void.
REVERSED AND REMANDED FOR CONSISTENT PROCEEDINGS.
GUNTHER, C.J., and STONE, J., concur.

.See Fla.R.Civ.P. 1.540(b)(4) ("The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken.”). The trial court implicitly found that the mother’s motion was made within a reasonable time, given her particular circumstances.

. See § 61.021, Fla. Stat. (1995) ("To obtain a dissolution of marriage, one of the parties to the marriage must reside 6 months in the state before the filing of the petition.”).

. See § 61.1308(l)(a), Fla. Stat. (1995).