695 So.2d 817 (1997)
Eva KALUSIN, Appellant,
v.
Gil SCHWADRON, Appellee.
No. 95-2661.
District Court of Appeal of Florida, Third District.
May 28, 1997.
Rehearing Denied July 2, 1997.
Eva Kalusin, in proper person.
Scott Margules, Miami, and Diane H. Tutt, Plantation, for appellee.
Before LEVY and GREEN, JJ., and BARKDULL, Senior Judge.

*818 ON MOTION FOR REHEARING

PER CURIAM.
The opinion previously filed in this cause on November 13, 1996, is withdrawn and this opinion is submitted in its stead.
The appellant herein, who is the mother of a minor child, filed an action in Circuit Court in Dade County, Florida, seeking to have the Dade County trial judge modify an Order entered by a Circuit Court Judge in Montgomery County, Maryland. The Maryland Judge's Order found that it was in the best interest of appellant's minor child to maintain close contact with the appellee herein, who is the former boyfriend of the appellant and who had lived with the appellant and her minor child in Maryland for a period of time. The Dade County trial judge ruled that the Florida Courts lack the authority and jurisdiction to entertain the motion to modify the Maryland Court's Order, in essence holding that appellant was free to seek to modify the Order of the Maryland Judge, but that such a motion to modify would have to be filed and heard in the Maryland Court.
Naturally, neither the Dade County trial judge, nor the Judges of this Court, have had the benefit of the testimony received by the Maryland Judge that caused that Court to enter the visitation order that appellant now seeks to modify. Accordingly, it is difficult for us to envision what evidence or set of circumstances would lead to the entry of the visitation order that the appellant wishes to modify. It is clear that both Florida law and Florida public policy strongly favor the concept that the parents of young minor children should have the sole authority and responsibility for determining with whom those minor children visit and associate with. The Maryland Order appears to be at odds with that concept.
Despite the foregoing, we find ourselves in the unenviable position, as, apparently, did the Dade County trial judge, in realizing that we are required, by both the United States Constitution and the law of Florida, to hold that the Courts of this State are prohibited from modifying the order entered by the Maryland court. First, in entering the order of visitation, and thereafter specifically allowing the appellant to move from Maryland to Florida, the Maryland trial judge specifically reserved jurisdiction over this matter, which in turn, specifically included the visitation provisions that the appellant now wishes to modify. Furthermore, article IV, section 1 of the United States Constitution requires that the Courts of Florida give "full faith and credit" to the judgments of the Courts of other States in the United States. See 28 U.S.C. § 1738A. In addition, the provisions of Sections 61.1302, et seq. of the Florida Statutes, 1995, which is known as the "Uniform Child Custody Jurisdiction Act," specifically and unequivocally prohibits the Courts of this State from modifying or altering the type of Order entered by the Maryland Court and which the appellant herein seeks to modify.
Although we are constitutionally obligated to affirm the Dade County Judge's Order, which held that the Florida Courts lack the authority or jurisdiction to modify or alter the Maryland Judge's Order, the net effect of that legally correct ruling by the Dade County Judge does not deprive the appellant of an opportunity to modify the Maryland Order. It only means that the appellant must seek to modify the order in a Maryland Court. Nothing herein affects, in any way, her right to do that.
Affirmed.