DAUKSCH, J.
Appellant, Robert Lawlor, appeals an order denying his motion to dismiss that portion of a modification petition of appel-lee, Christine Rasmussen, pertaining to visitation.
This case arose in 1992 when the Court of Common Pleas of Bucks County, Pennsylvania, Family Division (CCP) entered an injunction prohibiting appellant from having any contact with appellee for one year, awarded custody of their minor child, Brittany, to appellee, subject to visitation with appellant, and ordered appellant to pay appellee weekly child support. The parties thereafter entered into an agreement in which they agreed to shared legal custody of Brittany. They also agreed that appellee would be the primary residential custodian and that appellant would have certain visitation rights. The parties requested “that the Court enter this agreement as an order.” In 1993, they were divorced in Pennsylvania by a final decree entered by the CCP.
In 1994, appellee obtained permission from the CCP to move to Utah with Brittany so her husband could finish school. In 1997, the CCP entered a modification order in which it agreed that appellee and Brittany could relocate upon the graduation of appellee’s husband. Appellant was given certain visitation rights. Appellee and Brittany moved to Florida that year.
In 1998, appellee filed a supplemental petition for modification in the trial court in Orange County seeking an increase in her child support due to appellant’s increased income and a modification of his visitation with Brittany as a result of her move to Florida. Appellee served appellant with the petition.
Appellant filed a petition to modify custody in the CCP seeking to be designated as Brittany’s primary residential custodian. He then filed a notice of special appearance and a motion to dismiss appel-lee’s modification petition in Orange County on the following grounds: 1) the trial court lacked personal jurisdiction over him based upon insufficient service of process; 2) appellee had failed to allege sufficient jurisdictional facts; 3) the Uniform Interstate Family Support Act required the CCP to modify its original order since he still lived in Pennsylvania; 4) he had filed a modification petition in that court; and 5) in the interest of judicial economy, that court should determine the custody issue because it had exclusive jurisdiction of the child support issue. Appellant acknowledged that Brittany had lived in Florida for the last six months. Accordingly, he sought an order quashing service of process over him, dismissing appellee’s supplemental modification petition, declining jurisdiction over the visitation issue and awarding reasonable attorney’s fees. Appellee filed a petition in the CCP in which she asked that it relinquish jurisdiction of appellant’s modification petition on the ground that Florida was Brittany’s home state.
A hearing was held before the trial court in Orange County. During the hearing, appellee conceded that the court did not have jurisdiction over the child support issue and appellant conceded that the trial court had concurrent jurisdiction with the CCP to determine the visitation issue because Florida had been Brittany’s home state for at least six months. He argued, however, that in the interest of judicial economy, the trial court should defer to the CCP which had exclusive jurisdiction of the child support issue. The trial court acknowledged that it was not financially prudent for the parties to try the two issues in separate courts and therefore encouraged them to “try and get something worked out.”
The trial court entered an order denying appellant’s motion to dismiss appellee’s supplemental modification petition with regard to the visitation issue and granting the motion with regard to the child support issue. The court reasoned as follows:
1. The issue concerning modification of child support is controlled by Florida *563 Statute 88, the Uniform Interstate Family Support Act, and pursuant thereto the State of Florida lacks jurisdiction to modify the original support order entered between the parties in the State of Pennsylvania in the Court of Common Pleas of Buck County, Pennsylvania, Domestic Relations Section, Case Number A.06-91-61441-C-16.
2. The issues concerning modification of contact and custody are controlled by Florida Statute 61.1302, the Uniform Child Custody Jurisdiction Act. Pursuant to the foregoing Statute, as well as the stipulations by the parties in open court that the minor child and the Former Wife have been continuous residents of the State of Florida since May of 1997, Florida is the home state of the minor child, and has subject matter jurisdiction regarding all issues concerning custody and contact with the minor child Brittany Lynn Rasmussen Lawlor. The Motion of the Former Husband to Dismiss the Supplemental Complaint for modification for contact is therefore denied.
The CCP relinquished jurisdiction “in this matter.” It later entered an order staying its order pending “resolution of the Appeal of the Order of the Circuit Court, of Orange County, Florida dated March 10,1999, in the State of Florida.”
The trial court denied appellant’s motion to dismiss that portion of appellee’s supplemental modification petition regarding visitation based upon the fact that Florida was Brittany’s home state, as defined in section 61.1306(5), Florida Statutes (1997). That section provides:
61.1306 Definitions. — As used in this act:
[[Image here]]
(5) “Home state” means the state in which the child, immediately preceding the time involved, lived with his or her parents, a parent, or a person acting as parent for at least 6 consecutive months or, in the case of a child less than 6 months old, the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the 6-month or other period.
Section 61.1308(1)(a)1., Florida Statutes (1997) also provides:
61.1308 Jurisdiction.—
(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state:
1. Is the home state of the child at the time of commencement of the proceeding, or
Appellant contends on appeal that the trial court erred for several reasons. First, the CCP is the better forum to modify his visitation because he still lives in Pennsylvania, it is familiar with the case and it has exclusive jurisdiction of the child support action. Second, he has a pending modification petition in the CCP of which it has not yet relinquished jurisdiction. Finally, the minimum contacts requirement has been met for the CCP to assume jurisdiction of the matter because the parties entered into an agreement “regarding contact between foreign states.”
Appellant relies upon Yurgel v. Yurgel, 572 So.2d 1327 (Fla.1990) in which the supreme court explained that the purpose of the UCCJA is “to prevent competing and inconsistent exercises of jurisdiction by two or more states,.... ” Id. at 1330. The court quoted a UCCJA reporter, Professor Brigitte Bodenheimer, who said that “one of the primary evils eliminated by the UCCJA was ‘ “concurrent jurisdiction” ’ by two or more states over the same custody dispute.” Id. Bodenheimer further explained that the act accomplished its purpose by strengthening the jurisdiction of the state issuing the initial decree and *564 insulating that court’s jurisdiction from out-of-state interference.
The supreme court further noted that the UCCJA will not divest a court of its continuing jurisdiction unless there are no contacts with the forum state. The court noted that once a Florida court assumes jurisdiction of a custody dispute, it has “inherent continuing jurisdiction” of its custody decrees. Id. Even if a child moves outside the state, the court’s jurisdiction is continuous as long as the child maintains significant contacts with Florida. It is only when the Florida court expressly determines for some other reason that its jurisdiction of the matter is no longer appropriate, when the child’s contacts with Florida have ceased, when another Florida statute terminates jurisdiction or when jurisdiction is terminated by the Parental Kidnapping Prevention Act (PKPA) that it will no longer have jurisdiction of the matter. The reason for this is to prevent forum shopping and parental kidnapping and jurisdictional conflicts between states.
Appellee contends in response that the trial court did not err by denying appellant’s motion to dismiss that portion of her modification petition pertaining to visitation on jurisdictional grounds because appellant conceded that the Florida trial court had jurisdiction of the cause at the hearing on his motion to dismiss. However, the hearing transcript indicates that appellant conceded that the Florida court had concurrent jurisdiction with the CCP to resolve the issue. He did not concede that it had exclusive jurisdiction of the matter. Appellee also argues that “Pennsylvania no longer retains jurisdiction in these proceedings by virtue of the stipulation of the Former Husband’s attorney in open Court....” We note, however, that the former husband’s attorney did not have the authority to divest the CCP of its initial and continuing jurisdiction of the matter.[1] The court itself must do that. Appellee contends additionally that the Florida trial court properly assumed jurisdiction of the cause because appellant withdrew his custody petition in the CCP. Finally, she contends that Florida is the better forum to resolve the visitation issue because that is where Brittany has significant contacts.
We reverse. The instant case does not involve a custody dispute; rather, it merely involves a request for modification of visitation. Although appellant filed a petition to modify custody in the CCP during the proceedings in this case, his attorney represented at the hearing that he was not going to pursue the custody issue. Appellant maintains that the visitation issue is still pending before the CCP but his modification petition merely addresses a change of custody. Visitation is not mentioned in the petition. However, in light of the overall purpose and spirit of the UCCJA, as discussed in Yurgel, we find that appel-lee should have filed her modification petition in the CCP since that is the court which acquired initial jurisdiction and has assumed continuing jurisdiction of the custody and visitation issues. See Kalusin v. Schwadron, 695 So.2d 817, 818 (Fla. 3d DCA 1997) (UCCJA “specifically and unequivocally prohibits the Courts of this State from modifying or altering the type of Order [visitation] entered by the Maryland Court and which the appellant herein seeks to modify”); Snider (same).
In Yurgel, the supreme court noted that a trial court’s initial grant of jurisdiction is qualified by other statutes. Specifically, section 61.133(1)(a), Florida Statutes (1997) says that
(1) If a court of another state has made a custody decree, a court of this state shall not modify that decree unless:
(a) It appears to the court of this state that the court which rendered the decree does not now have jurisdiction *565 under jurisdictional prerequisites substantially in accordance with this act or has declined to assume jurisdiction to modify the decree; and
(b) The court of this state has jurisdiction.
In this case, there is no evidence that the CCP does not have or has declined to assume jurisdiction to modify its earlier order.
Additionally, section 61.1316(1), Florida Statutes (1997) provides that
(1) A court which has jurisdiction under this act to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.
As the Yurgel court noted, this provision “codifies and strengthens the longstanding judicial doctrine of inconvenient forum.” Yurgel, 572 So.2d at 1329. Finally, the UCCJA is subject to the PKPA which provides in part that a court which has made a custody determination has continuing jurisdiction provided it has jurisdiction under the law of the state and either the child or one of the contestants lives in the state. These statutes operate nationwide and set forth “a sure and definite procedure” by which a state which has obtained jurisdiction of a custody dispute may relinquish that jurisdiction to another state. Id. at 1330.
Based upon the foregoing statutes, we find that the trial court in this case should have declined to exercise its concurrent jurisdiction over appellee’s modification petition on the ground that the CCP has jurisdiction of the matter. Because the visitation issue is not presently before that court, appellee should be directed to refile her modification petition in that court. See Kalusin (appellant was free to refile her modification petition in Maryland court).
Appellant contends that the trial court erred by denying his motion to dismiss appellee's modification petition because the trial court does not have personal jurisdiction over him. He contends that appellee’s service of process was insufficient because it failed to meet the requirements of Florida’s long-arm statute.
We agree with appellee that the long-arm statute is inapplicable to a case involving the UCCJA and that the trial court was not required to obtain personal service' over appellant. See Flores v. Saunders, 674 So.2d 767 (Fla. 5th DCA), rev. den., 687 So.2d 1305 (Fla.1996); Balestrieri v. Maliska, 622 So.2d 561 (Fla. 4th DCA 1993).
Accordingly, the trial court’s order denying appellant’s motion to dismiss that portion of appellee’s modification petition pertaining to visitation is reversed.
REVERSED and REMANDED.
ANTOON, C.J., and COBB, J„ concur.

. “Subject matter jurisdiction is conferred upon a court by a constitution or statute, and cannot be created by waiver, acquiescence or agreement of the parties.’’ [citations omitted]. Snider v. Snider, 686 So.2d 802, 804 (Fla. 4th DCA 1997).