PER CURIAM.
 

 Conrad Mikulec seeks review, by petition for writ of prohibition or in the alternative writ of certiorari, of an order denying his motion to dismiss his wife’s petition for dissolution of marriage. The husband alleges the circuit court does not have subject matter jurisdiction because he does not meet the residency requirement of the Florida Statutes. We grant in part the alternative petition for writ of certiorari, as discussed below, and remand for further proceedings.
 

 “Subject matter jurisdiction is conferred upon a court by a constitution or statute, and cannot be created by waiver, acquiescence or agreement of the parties.”
 
 Snider v. Snider,
 
 686 So.2d 802, 804 (Fla. 4th DCA 1997);
 
 see also Walker v. Garrison,
 
 610 So.2d 716, 718 (Fla. 4th DCA 1992) (estoppel cannot defeat a challenge to lack of subject matter jurisdiction; “[njeither conduct nor consent of the parties may confer on a court subject matter jurisdiction which it does not otherwise have”). To establish subject matter jurisdiction in a divorce proceeding, section 61.021, Florida Statutes, provides that “one of the parties to the marriage must reside 6 months in the state before the filing of the petition.”
 
 See Fernandez v. Fernandez,
 
 648 So.2d 712, 713 (Fla.1995) (recognizing “Florida’s residency requirement is jurisdictional and must be alleged and proved in every case .... corroborating testimony cannot be waived by an admission that the residency requirement has been met”);
 
 Cleveland v. Cleveland,
 
 692 So.2d 304, 305 (Fla. 4th DCA 1997).
 

 In denying the husband’s motion to dismiss, the trial court did not make any findings regarding where the husband resided before the wife petitioned for divorce in Florida, and the record before this court does not demonstrate that the residency requirement is satisfied.
 

 Accordingly, we grant in part the husband’s alternative petition for writ of cer-tiorari, quash the trial court’s order, and remand for further proceedings. On remand, the trial court may consider additional evidence regarding this issue. In the absence of any additional evidence, and a specific finding by the court that the husband meets the residency requirements, the motion to dismiss should be granted. The wife elected to file for divorce in Florida, rather than her own place of residency. As the party petitioning for divorce, she has the burden of proving that the residency requirement is satisfied.
 
 Coons v. Coons,
 
 765 So.2d 167, 170 (Fla. 1st DCA 2000).
 

 Petition for writ of certiorari granted in part.
 

 STEVENSON, TAYLOR and LEVINE, JJ., concur.