599 So.2d 1029 (1992)
Cristine GREENFIELD, Appellant,
v.
Neal Bruce GREENFIELD, Appellee.
No. 91-2575.
District Court of Appeal of Florida, Fourth District.
April 29, 1992.
Rehearing Denied June 23, 1992.
*1030 Keith M. Krasnove of Krasnove & Krasnove, Coral Springs, for appellant.
Shelley M. Mitchell, Fort Lauderdale, for appellee.
DELL, Judge.
This appeal arises out of an interstate custody dispute. Appellant contends that the trial court erred when it denied her motion for specific performance of the custody provisions of a Florida final judgment of dissolution of marriage. She also contends that the court erred when it granted appellee's motion to vacate a previous judge's order that reaffirmed the jurisdiction of Florida pursuant to section 61.1308, Florida Statutes (1991) and when it dismissed the proceedings for lack of jurisdiction pursuant to the Federal Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A(g). We agree and reverse.
On February 18, 1982, the Circuit Court of the Seventeenth Judicial Circuit in Broward County, Florida entered a final judgment dissolving the marriage of the parties. The final judgment awarded custody of Kimberly Greenfield to appellant and ordered appellee to make child support payments through the offices of the support division in Fort Lauderdale, Florida. The trial court retained jurisdiction.
In September of 1990, the trial court entered a stipulated order modifying the child support provision of the final judgment. The order also provided that except as modified, the final judgment of dissolution would remain in full force and effect. In October, 1990, appellant, after deciding to break off an engagement to marry a man in Fort Lauderdale, moved to Evanston, Illinois. Appellant testified that she did not intend to permanently remain in the state of Illinois. She maintained her voter's registration, driver's license and her motor vehicle registration in the state of Florida. She retained ownership in a parcel of real property and left part of her furniture and appliances in her home in Florida. Shortly after moving to Illinois, she sought reemployment in the state of Florida and by January, 1991, had secured an offer of employment pending her return to Florida. Appellant stated that she delayed her return to Florida until the end of Kimberly's school year.
In July, 1991, appellee moved, ex parte, in the Circuit Court of Cook County, Illinois, and obtained an order transferring temporary custody of Kimberly to appellee, restraining appellant from residing with Kimberly, and directing that appellant turn Kimberly over to appellee. Appellant *1031 moved to dismiss the Illinois proceeding for lack of jurisdiction and on August 14, 1991, moved for specific performance of the final judgment of dissolution of marriage in the Florida court. On August 15, 1991, appellee came to Florida, removed Kimberly from appellant's home and took her to Illinois. Appellant thereafter filed an emergency motion to determine custody of the minor child. On August 16, 1991, Judge Musselman of the Broward Circuit Court entered a temporary order in which he found that Florida had jurisdiction and ordered appellee to return the minor child to appellant.
On August 21, 1991, Judge Musselman entered a second order granting a motion for communication between judges pursuant to the Uniform Child Custody Jurisdiction Act, section 61.1314(3), Florida Statutes (1991). Judge Musselman found, among other things, that
It is in the best interest of the child that a Court of this State assume jurisdiction in any subsequent effort to reexamine the primary residential custody arrangements of the parties and the minor child, pursuant to F.S. 61.1308 to be [sic], because as indicated, the child and the child's mother reside in the State of Florida; the only State that the parties lived in as Husband and Wife was Florida; the child was born in Florida; the child lived almost of all of her life in Florida; this Court of the State of Florida initially determined custody in 1982 and reaffirmed its custody decision in an Agreed Order on September 27, 1990; and the State of Illinois never had and does not have any significant connection with the parties.
Eight days later, another judge of the Broward Circuit Court conducted a hearing on appellant's motion for enforcement of the final judgment and on September 4, 1991, entered an order in which he concluded that Florida had lost jurisdiction on July 9, 1991 pursuant to the Parental Kidnapping Prevention Act. The successor judge vacated Judge Musselman's August 16, 1991 order for lack of jurisdiction and denied appellant's motion to enforce the final judgment.
Appellant argues that the trial court erred when it refused to continue jurisdiction under the Uniform Child Custody Jurisdiction Act. We agree.
The record does not support the trial court's conclusion that "[v]irtually all of the minor child's contacts with the State of Florida had ceased as of July 9, 1991." Rather, the record shows that when the Illinois court issued its order transferring temporary custody of Kimberly to appellee, the custodial parent maintained the indicia of residency in Florida and had resumed her domicile in Florida. The child had moved from Illinois to return to Florida. She stopped temporarily in Ohio to visit appellant's family. We also think it significant that the final judgment and the agreed modification of the final judgment continued to provide for child support payments through the child support division in Fort Lauderdale, Florida.
The supreme court in Yurgel v. Yurgel, 572 So.2d 1327 (Fla. 1990) stated:
This basic grant of jurisdiction [section 61.1308, Florida Statutes (1987)], however, is qualified by other relevant statutes. In one of its most important operative provisions, the UCCJA forbids a state to modify the custody decrees of other states unless those other states no longer have, or have declined to exercise, jurisdiction. § 61.133, Fla. Stat. (1987). Since the UCCJA has been adopted by most American jurisdictions, this provision is in force virtually nationwide. It thus binds not only the courts of Florida, but also the courts of every other state that has adopted the UCCJA.
Id. at 1329. The supreme court later stated:
Nevertheless, we cannot agree with the district court's assumption that section 61.1308 somehow operates to "automatically" terminate jurisdiction already validly acquired merely because the child has resided outside the state for more than six months when the child clearly has maintained significant contacts with Florida. To the contrary, jurisdiction must be presumed to continue once it is *1032 validly acquired under section 61.1308; and it continues up until a Florida court expressly determines on some other basis that jurisdiction no longer is appropriate, until virtually all contacts with Florida have ceased, until some other Florida statute terminates jurisdiction, or until jurisdiction is terminated by operation of the PKPA. See 28 U.S.C. § 1738A (1987).
Id. at 1331-32. Yurgel makes it clear that Kimberly's presence in Illinois for more than six months did not automatically terminate Florida's jurisdiction over her custody.
The record shows that when the Illinois court entered its ex parte order modifying the custody provisions of the final judgment, Florida had neither lost its jurisdiction nor declined to exercise its jurisdiction. Since appellant remained the custodial parent of Kimberly, her return to Florida with Kimberly did not violate the Uniform Parental Kidnapping Prevention Act.
Accordingly, we hold that the trial court erred when it concluded that Florida had lost jurisdiction to Illinois pursuant to the Parental Kidnapping Prevention Act. Florida had jurisdiction under the Uniform Child Custody Jurisdiction Act. We also hold that the trial court erred when it denied appellant's motion to enforce the final judgment and refused to exercise jurisdiction pursuant the Uniform Child Custody Jurisdiction Act. Therefore, we reverse and remand this cause to the trial court with instructions to enter an order enforcing the custody provisions of the final judgment and for entry of such further orders as may be consistent with this opinion.
REVERSED and REMANDED.
LETTS and FARMER, JJ., concur.