732 So.2d 1113 (1999)
Lynn BELLO, Appellant
v.
Craig KRUZEL, Appellee.
No. 98-2265.
District Court of Appeal of Florida, Fourth District.
February 17, 1999.
Rehearing Denied May 5, 1999.
*1114 Gary S. Israel, West Palm Beach, for appellant.
Craig Kruzel, Southampton, New York, pro se.
PER CURIAM.
Former Wife, Lynne Moore Bello, timely appeals from a non-final order denying her motion to compel the return of her minor child to Florida. As set forth below, we reverse.
On September 5, 1995, the Circuit Court of the Fifteenth Judicial Circuit in Palm Beach County entered a final judgment dissolving the marriage of the parties to this appeal. The final judgment awarded primary residential custody of the parties' minor child to the Former Wife. In addition, the court expressly reserved jurisdiction over the parties and subject matter.
On or about April 22, 1997, Craig Kruzel, Former Husband, without Former Wife's knowledge or consent, took their minor child to New York and refused to return her to Florida. Immediately thereafter, Former Wife filed an emergency motion to compel Former Husband to return the child to Florida. However, based upon the Former Wife's improper notice to Former Husband, the court denied the motion.
Meanwhile, on April 28, 1997, the Suffolk County Family Court of New York at Riverhead granted immediate temporary custody of the child to Former Husband. Subsequently, on September 24, 1997, the New York court granted sole custody of the child to Former Husband. Accordingly, Former Husband filed a motion in the Florida trial court to vacate child support and relinquish Florida's claim of jurisdiction to New York. The Florida court denied Former Husband's motion. On January 2, 1998, Former Husband filed the New York custody orders in the Florida Court, and, thereafter, filed a Petition for Transfer of Support Case and Termination of Support Obligation. The lower court denied the petition for transfer and termination of support.
Following the Former Husband's filing of the New York custody orders, Former Wife filed a motion with the Florida trial *1115 court requesting an invalidation of those orders. The court denied Former Wife's motion. Thereupon, Former Wife filed another motion to compel Former Husband to return the child to Florida. On May 28, 1998, the trial court again denied the motion. In its order denying the motion, the court held, "[i]t appears that the home state of the child is now New York. Child has been living there for at least 1 year." Former Wife appeals from this latter order denying her motion to compel Former Husband to return the minor child to Florida.
On appeal, Former Wife contends that the Florida trial court erred in refusing to continue jurisdiction pursuant to the Uniform Child Custody and Jurisdiction Act (UCCJA). Further, that pursuant to the UCCJA, New York did not have jurisdiction to modify the custody determination made by the Florida court. We agree.
Florida's version of the UCCJA, § 61.1308, Florida Statutes (1997), delineates the conditions under which a court has subject matter jurisdiction to make a child custody determination by initial or modification decree. See § 61.1308, Fla. Stat. (1997). Section 61.1308 provides in part that a state has jurisdiction if that state:
1. Is the home state of the child at the time of commencement of the proceeding, or
2. Had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his or her removal or retention by a person claiming custody or for other reasons, and a parent or person acting as parent continues to live in this state; ...
§ 61.1308(1)(a) Fla. Stat. (1997). Home state is defined as "the state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as a parent for at least six consecutive months." Fla. Stat. § 61.1306(5) (1997); 28 U.S.C. § 1738A(b)(4) (1997). The parties do not dispute that initial jurisdiction was validly acquired by Florida pursuant to the UCCJA. The issue in dispute is whether Florida retained jurisdiction, so as to preclude the New York court from entering the custody modification orders.
In denying Former Wife's motion to compel the return of the minor child to Florida, the Florida trial court reasoned that the child had been in New York for at least a year; thus, New York had become the child's home state. However, the mere fact that a child has been in another state for more than six months does not automatically terminate validly acquired jurisdiction in Florida. To the contrary, our supreme court, in Yurgel v. Yurgel, 572 So.2d 1327, 1331-1332 (Fla. 1990), expressly rejected the notion that § 61.1308 "somehow operates to `automatically' terminate jurisdiction already validly acquired merely because the child has resided outside the state for more than six months." Yurgel, 572 So.2d at 1331-1332. The Court explained:
... jurisdiction must be presumed to continue once it is validly acquired under § 61.1308; and it continues up until a Florida court expressly determines on some other basis that jurisdiction no longer is appropriate, until virtually all contacts with Florida have ceased, until some other Florida statute terminates jurisdiction, or until jurisdiction is terminated by operation of the PKPA [Parental Kidnapping Prevention Act].
Id. at 1332. The Yurgel Court emphasized that the trial court that rendered the original decree "would have retained continuing jurisdiction whether or not a petition was filed during the six-month period or any other period of time, and this jurisdiction would have lasted up until the point that the trial court itself declined to exercise jurisdiction for some other reason, until minimum contacts with Florida were lost, or until the PKPA or other applicable law operated to terminate Florida's jurisdiction." Id. at 1332.
*1116 The record indicates that at the time New York entered its orders modifying Florida's initial custody determination, the Florida court had made no express determination that jurisdiction was no longer appropriate, nor had the court declined to exercise jurisdiction. To the contrary, the Florida court, in entering the final judgment, expressly reserved jurisdiction over the parties and subject matter, and had not relinquished that jurisdiction.
The record also indicates that the minor child's contacts with Florida had not ceased at the time the New York orders were issued. In fact, the only reason the child was absent from Florida and attained any connection with New York was because the Former Husband removed the child from Florida without the knowledge or consent of her custodial parent, and without the approval of the court that made the initial custody determination. In addition, the record shows that the child's custodial parent, Former Wife, continued to reside in Florida as of the time the New York orders were issued. Further, the final judgment continued to provide for Former Husband's payment of child support to Former Wife in Florida. As such, we do not believe that the child's contacts with Florida ceased.
Moreover, neither the PKPA, nor any other Florida statute had terminated Florida's jurisdiction at the time the New York orders were issued. As such, we conclude that Florida retained jurisdiction over the minor child's custody. See Yurgel, 572 So.2d at 1332.
We also conclude that New York was barred from exercising jurisdiction to enter the child custody modification orders under both the UCCJA and the PKPA. Under the UCCJA, a state is forbidden from modifying the custody decrees of another state, unless that other state no longer has, or has declined to exercise jurisdiction. See § 61.133, Fla. Stat. (1997); Yurgel, 572 So.2d at 1329 (stating that since the UCCJA has been adopted by most American jurisdictions, this provision is in force virtually nationwide, thus binds not only the courts of Florida, but also the courts of every other state that has adopted the UCCJA). Similarly, the PKPA provides that a state may not modify the custody decree of another state unless (1) it has jurisdiction to make such a child custody determination, and (2) the court of the other State no longer has jurisdiction or has declined to exercise such jurisdiction to modify such determination. See 28 U.S.C. § 1738A(f)(1997). Since Florida still had jurisdiction at the time New York issued the custody modification orders, and did not decline to exercise the same, both the UCCJA and the PKPA bar New York from exercising jurisdiction to modify Florida's custody order. See Greenfield v. Greenfield, 599 So.2d 1029 (Fla. 4th DCA 1992); § 61.133, Fla. Stat. (1997); 28 U.S.C. § 1738A(f)(1997).
Even if a state other than the one that enters an initial custody order becomes the home state of a minor child, that new state does not automatically acquire jurisdiction to modify the initial custody order. Courts in this state have held that a petition for modification relating to child custody or support should be addressed to the court which rendered the original decree, even if a second state has become the "home state" of a child. See, e.g., Lamon v. Rewis, 592 So.2d 1223, 1225 (Fla. 1st DCA 1992).
Former Husband argues that Former Wife should be estopped from arguing the issue of New York's lack of UCCJA jurisdiction because she did not attempt to set the orders aside until May, 1998. We disagree. Whether the jurisdictional requirements of § 61.1308 of the UCCJA have been met is a question of subject matter jurisdiction. See Snider v. Snider, 686 So.2d 802, 804 (Fla. 4th DCA 1997). Because subject matter jurisdiction is conferred upon a court by constitution or statute, it can never be waived by litigants. Id. at 804. Thus, neither the affirmative defense of estoppel nor laches precludes the Former Wife from raising the issue of lack of UCCJA jurisdiction.
*1117 Consequently, because Florida did not relinquish nor decline to exercise jurisdiction, the minor child's contacts with Florida had not ceased, and jurisdiction was not terminated by operation of the PKPA or other applicable Florida Law, we conclude that Florida retained jurisdiction with respect to the minor child's custody. Further, because Florida retained jurisdiction, New York was barred from modifying Florida's child custody order.
Overall, we believe that our conclusion is supported by policy reasons. The purposes of the UCCJA would be thwarted if non-residential custodial parents are allowed to illegally remove their minor children out of state, wait six months, and then contend that the foreign state is now the children's home state under the UCCJA.
Accordingly, we hold that the trial court erred in denying Former Wife's motion to enforce the final judgment by compelling a return of the minor child to Florida. As such, we reverse and remand this cause to the trial court with instructions to enter an order enforcing the custody provisions of the final judgment and for such further proceedings as may be consistent with this opinion.
REVERSED AND REMANDED.
GUNTHER, SHAHOOD and HAZOURI, JJ., concur.